6/5/2018 2:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25071827
By: Walter Eldridge
Filed: 6/5/2018 2:52 PM

NO. _____

| | | |
|---|---|---|
| **ANTHONY DEVENPORT,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FERNANDO ZAPATA,** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION, INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE & RULE 609 REQUEST

Plaintiff, ANTHONY DEVENPORT, files this Original Petition, Interrogatories, and Requests for Production, Admission, and Disclosure against Defendant, FERNANDO ZAPATA and alleges the following:

### I. DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4, requests the parties be permitted to enter an agreed docket control order, and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### II. RELIEF

2.      Plaintiff seeks monetary relief over $100,000 but not more than $200,000. Tex. R. Civ. P. 47(c)(3).

### III. PARTIES

3.      Plaintiff, ANTHONY DEVENPORT, is an individual residing at 1410 Saddle Rock, Houston, Texas 77088.  The last three digits of his driver's license and social security number are 013 and 900 respectively.

4.      Defendant, FERNANDO ZAPATA, an individual, may be served with process at Defendant's usual place of abode 3519 Braewin Ct., Houston, Texas 77068, or wherever he may be found.

## IV.  JURISDICTION

5.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## V.  VENUE

6.      Venue is proper in Harris County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## VI.  FACTS

7.      On or about June 3, 2017, Plaintiff was the driver of a vehicle on Veterans Memorial Drive in Harris County, Texas.  Suddenly and violently, Defendant FERNANDO ZAPATA, crashed into the rear of a vehicle, causing that vehicle to crash into the rear of Plaintiff's vehicle.  Plaintiff sustained bodily injuries as a result.

## VII.  COUNT 1 – NEGLIGENCE

8.      Defendant owed certain duties to Plaintiff.

9.      Defendant breached his duty of care in one or more of the following ways:

      a.      Driving inattentively;

      b.      Failing to control his speed;

      c.      Failing to maintain a proper lookout;

      d.      Following too closely;

      e.      Driving at an unsafe speed;

    f.      Failing to keep his vehicle under proper control;

    g.      Failing to timely apply the brakes;

    h.      Failing to turn his vehicle to avoid the collision; and

    i.      Failing to observe and follow traffic laws.

## VIII.  DAMAGES

10.    Defendant's breach of duties proximately caused injury to Plaintiff, which resulted in the following damages:

    a.      Medical expenses in the past and future;

    b.      Loss of earning capacity in the past and future;

    c.      Physical pain and suffering in the past and future;

    d.      Physical impairment in the past and future; and

    e.      Mental anguish in the past and future.

11.    Plaintiff seeks damages within the jurisdictional limits of this Court.

12.    <u>Exemplary damages.</u> Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(3).

## IX.  JURY DEMAND

13.    Plaintiff demands a jury trial.

## X.  INTERROGATORIES

14.    Pursuant to Texas Rule of Civil Procedure 197, Defendant must respond to the following interrogatories within 50 days of service:

    a.      Identify the person answering these interrogatories including their full legal name, home address, business address, occupation, work and home telephone numbers, date of birth, social security number, and Texas driver's license.

b.      Describe the manner in which the crash occurred (as you understand it) or how and why you believe it did not occur.  Identify each document, report, letter, expert opinion, lay opinion, or other source of information used by you to form the basis of your answer to this interrogatory.

c.      State what you contend caused or contributed to the cause of the crash.

d.      Describe the reasons or purposes that placed you at or near the scene of the crash on the date and at the time of the crash in question, including where you were coming from and where you were going and whether or not you were rendering a service for your employer at the time of the crash in question.

e.      State everything you did (if at all) in an attempt to avoid the crash.

f.      State the speed at which your vehicle was traveling when you first saw the vehicle you collided with and at the time your vehicle collided with the same.

g.      If you have in your possession or if you know of any photographs, whether of Plaintiff's vehicle, or Defendant's vehicle, or the scene of the crash, tape recordings, or statements concerning the incidents and/or the facts pertaining to the incident which is the basis of this lawsuit, please state the subject matter of the materials and the whereabouts of the materials.

h.      If you received a traffic citation as a result of this crash, please state what the outcome or disposition of that traffic offense was, including the court where the offense was pending, date of disposition, plea and amount of any fine paid.

i.      If you now contend or plan to contend in the future that the crash in question was caused solely or partially by some party over which you have no right of control and for whose acts you are not legally responsible, then please state each and every act of such party in detail which you contend was a cause of the crash in question.

j.      Do you have any information indicating, or any reason to believe that there was any defect or failure on the part of the vehicle or any equipment involved in this crash? If so, state the nature of the defect or failure; when you first became aware of the defect or failure; when and where the defect or failure was repaired or corrected and by whom.

k.      Were you talking on a cellular telephone, checking/sending email on a cellular phone device, or texting on a cellular device (within 5 minutes) before or during the crash?  If so, please provide the name of the cellular service provider and the name of the individual you were talking to.

l.      Describe the damage done to the vehicle you were driving as a result of the crash. In answering this request, please state the cost of any repairs to your vehicle resulting from crash.

m.    Have you been arrested, charged, or convicted of a felony or crime of moral turpitude in the last ten (10) years?  If so, please state the nature of the crime, the arresting agency, the County and Court where such crime was disposed or pending and if necessary the disposition of such crime.

n.    Did you have a driver's license at the time of the crash?  If yes, has your driver's license ever been suspended or revoked?  State the reasons and dates of suspension and/or revocation.  If not, why were you driving unlicensed?

o.    Please list each traffic citation you have received in the last five (5) years.  In your answer, please describe the date, alleged violation, ultimate disposition of such traffic citation and whether or not you took a Defensive Driving course as a result.

p.    Please list each  motor vehicle accident in which you have been involved as a driver in the last five (5) years.  Please include in your answer, the date, general facts of the accident, whether or not you were injured and whether or not a claim for bodily injuries or property damage were made against an automobile insurance policy that covered you.

q.    Did you own the vehicle you were driving that was involved in the crash?  If no, state how you came into possession of the vehicle as well as the vehicle's owner and your relation to same.

r.    Were you employed at the time of the accident?  If yes, identify your employer and state whether or not you were in the course and scope of your employment when the accident occurred.

s.    Do you contend the medical care Plaintiff received as a result of the crash was unreasonable in cost or unnecessary?  If yes, please state the basis for your contention.

## XI.  REQUESTS FOR PRODUCTION

15.    Pursuant to Texas Rule of Civil Procedure 196, Defendant must respond to the following

requests for production within 50 days of service:

a.    A copy of any policy of insurance, including the declarations page, whether primary or excess that might satisfy any judgment against Defendant in this cause.

b.    Copies of all non-privileged diagrams, models, charts, photographs, or videotapes of the persons, vehicles and scene of the incident made the basis of this lawsuit.

c.    Copies of all medical records, reports, x-rays, or other documentation obtained by virtue of medical authorizations furnished by any Plaintiff to this litigation to Defendant.

d.     Copies of each and every non-privileged written or recorded report prepared by Defendant or any other employee, agent or representative of Defendant pertaining to the facts made the basis of this lawsuit.  This request is NOT a request to produce Defendant's attorney's privileged work product.

e.     Copies of any and all employment, tax, medical, and billing records obtained by virtue of any authorization provided to you by any Plaintiff to this litigation.

f.     A copy of any and all surveillance videos or photographs of any Plaintiff or Plaintiff's vehicle.

g.     Copies of all non-privileged sketches, drawings, diagrams, tables of measurements, maps or photographs of the scene of the accident or persons or the vehicles involved in the accident which forms the basis of this suit.

h.     A copy of any and all documents you intend to use for impeachment purposes at the time of trial.

i.     A copy of the front and back of Defendant's driver's license.

j.     All photographs defendant has of the vehicles, parties, or scene of the accident. This request specifically includes photographs taken by Defendant's insurance carrier or by Defendant himself at the scene or any other person involved in the incident made the basis of this lawsuit and produced to Defendant or his insurance carrier.  This request includes any photographs, as described above, produced to Defendant or his insurance carrier by any other insurance carrier for a party to the incident made the basis of this lawsuit.

k.     All documents regarding repairs to Defendant's vehicle or in the event of a total loss, the fair market value of Defendant's vehicle.

l.     All labels of any prescription medications you had taken on the day of the accident.

m.     If Defendant was injured in the event, please provide copies of any and all medical bills, records and/or reports from any health care provider involved in his treatment.

n.     Documents supporting any contention that Plaintiff's medical treatment resulting from the injuries sustained in the crash was unreasonable.

o.     Documents supporting any contention that Plaintiff's medical treatment resulting from the injuries sustained in the crash was unnecessary.

p.     Documents supporting any contention that Plaintiff's medical bills resulting from the injuries sustained in the crash was unnecessary.

q.   Documents supporting any contention that Plaintiff's medical billing resulting from the injuries sustained in the crash was unreasonable.

r.   A true and correct copy of the relevant Texas Peace officer's Crash Report.

s.   All documents relating to any inspection or repair performed on your vehicle involved in the crash for the five year period before the crash.

t.   All telephone records and other documents reflecting the use of any mobile device that you regularly used, limited to the date of the crash.

## XII.  REQUESTS FOR ADMISSION

16.   Pursuant to Texas Rule of Civil Procedure 198, Defendant must respond to the following requests for admission within 50 days of service:

a.   Plaintiff properly named Defendant in Plaintiff's original petition.

b.   Defendant has been convicted of a felony or a crime involving moral turpitude.

c.   On the date of the crash, Defendant's vehicle struck a vehicle that then struck Plaintiff's vehicle.

d.   You were driving the vehicle that struck a vehicle that then struck Plaintiff's vehicle on the date the crash.

e.   Plaintiff did not contribute to the cause of the crash made the basis of this lawsuit.

f.   Another vehicle besides yours did not contribute to the cause of the crash.

g.   At the time of the crash, Defendant owned the vehicle involved in the collision.

h.   On the date of the crash, Defendant did not have a valid driver's license in any US state.

i.   On the date of the crash, Defendant's driver's license was revoked or suspended.

j.   Defendant's driver's license has been suspended in the last ten (10) years.

k.   Defendant's driver's license has been revoked in the last ten (10) years.

l.   Defendant received a ticket as a result of the crash.

m.   The condition of the road surface did not contribute to the cause of the crash.

n.    Lighting conditions did not contribute to the cause of the crash.

o.    Weather conditions did not contribute to the cause of the crash.

p.    A sudden emergency did not contribute to the cause of the crash.

q.    An act of God did not contribute to the cause of the crash.

r.    Defendant does not contend the crash was unavoidable.

s.    No defect or malfunction in the vehicle Defendant was driving contributed to the cause of the crash.

t.    Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the crash.

u.    Defendant was acting within the course and scope of Defendant's employment at the time of the crash.

v.    Defendant was acting as an agent for another person or entity at the time of the crash.

w.    Defendant was not injured as a result of the crash.

x.    Defendant did not maintain a proper lookout immediately before the crash.

y.    Defendant did not apply his brakes timely to avoid the crash.

z.    Defendant was using a mobile device when the crash occurred.

aa.   Defendant was negligent in causing the crash.

bb.   Defendant's negligence was the sole proximate cause of the crash.

cc.   Defendant gave a recorded statement to the insurance carrier insuring his vehicle at the time of the crash concerning the crash.

dd.   Defendant has evidence that Plaintiff's medical treatment resulting from the injuries sustained in the crash was unreasonable.

ee.   Defendant has evidence that Plaintiff's medical treatment resulting from the injuries sustained in the crash was unnecessary.

ff.     Defendant has evidence that Plaintiff's medical bills resulting from the injuries sustained in the crash was unreasonable.

gg.     Plaintiff should be fairly and reasonably compensated for the injuries received as a result of the crash.

## XIII.  REQUEST FOR DISCLOSURE

17.     Pursuant Texas Rule of Civil Procedure 194, Defendant must disclose, within 50 days of the service, the information or material described in Rule 194.2.

## XIV.  RULE 193.7 NOTICE

18.     Plaintiff hereby puts Defendant on notice that Plaintiff intends to use Defendant's discovery responses as evidence in any pretrial proceeding and/or trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV.  RULE 609 REQUEST

19.     Pursuant to Texas Rule of Evidence 609, Plaintiff requests written notice of all convictions, if any, Defendant intends to introduce or offer into evidence at the trial of this matter concerning Plaintiff.

## XVI.  PRAYER

20.     For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a.      Actual damages.

b.      Exemplary damages.

c.      Prejudgment and postjudgment interest.

d.      Court costs.

e.      All other relief to which Plaintiff is entitled.

Respectfully submitted,

**WEBER LAW FIRM**

R. Keith Weber, Jr.
State Bar No. 24056502
2 Riverway, Suite 1770
Houston, Texas 77098
Tel: (281) 369-4719
Fax: (281) 369-4718
RW@GulfCoastFirm.com

**ATTORNEY FOR PLAINTIFF**

7/25/2018 5:21:02 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 26269490
By: MOSLEY, DEANDRA S
Filed: 7/25/2018 5:21:02 PM

NO. 201837316

| | | |
|---|---|---|
| ANTHONY DEVENPORT, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERNANDO ZAPATA, | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE OF PROCESS

Pending before the Court is Plaintiff's Motion for Substituted Service Pursuant to Rule 106(b).  It appears that Plaintiff has attempted but failed to personally serve FERNANDO ZAPATA ("DEFENDANT") at the last known usual place of abode or business.  It further appears to the Court that the manner of service ordered herein will be reasonably effective to give said Defendant notice of the lawsuit.

Therefore, the Motion for Substitute Service is *GRANTED.*

It is *ORDERED* that service of process may be made upon DEFENDANT, FERNANDO ZAPATA, either by: (1) leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at 3519 Braewin Ct., Houston, Texas 77068; or (2) firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing substitute service attached, to the front door of said Defendant's last known usual place of abode or business at the above address.

It is further *ORDERED* that the service made by the above methods shall not be deemed perfected unless it also complies with the following provisions, which shall be carried out by the same process server on the same day that delivery is made pursuant to (1) or (2) above:

    a)        A copy of the citation, Petition, and this Order shall be mailed by <u>BOTH</u> certified mail, return-receipt requested, <u>AND</u> by regular, first-class mail to the defendant at the same address at which service is authorized above;

b)     The return of service shall not be made until thirty (30) days after mailing or until the process server receives back the green card from the post office, whichever date is earlier;

c)     The return of service shall include a statement setting out the date of mailing and the result of the mailing by certified mail, and the date of mailing and result of same by regular, first-class mail (*i.e.,* whether the envelope was returned by the post office, the green card came back signed, etc.); and

d)     A copy of any envelope or green card returned by the post office shall be attached to the return of service.

It is further *ORDERED* that the return of service of the person executing service pursuant to this Order shall otherwise be made in accordance with TEX. R. CIV. P. 107.

It is further *ORDERED* that service of process will be deemed complete upon compliance with this Order, regardless of whether defendant signs the certified mail receipt.

*SIGNED* at Harris County, Texas on _____.

Signed:
7/27/2018

_____
HONORABLE JUDGE

2

9/11/2018 3:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 27427254
By: ARIONNE MCNEAL
Filed: 9/11/2018 3:00 PM

## CAUSE NO. 2018-37316

| | | |
|---|---|---|
| ANTHONY DEVENPORT,<br>**PLAINTIFF** | §<br>§<br>§ | |
| | § | IN THE 189TH DISTRICT COURT |
| VS. | §<br>§ | |
| | § | HARRIS COUNTY, TX |
| FERNANDO ZAPATA,<br>**DEFENDANT** | §<br>§<br>§ | |

## RETURN OF SERVICE

**BEFORE ME**, the undersigned authority, on this day appeared, **A J SIMPSON**, personally before me and stated under oath as follows:

My name is **A J SIMPSON**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am a private process server authorized by and through the Supreme Court of Texas, am in all ways competent to make this statement, and this statement is based on personal knowledge. The facts stated herein are true and correct.

**ON Tuesday, August 7, 2018 AT 05:01 PM** - ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE OF PROCESS, CITATION, PLAINTIFF'S ORIGINAL PETITION, INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE & RULE 609 REQUEST **CAME TO HAND.**

**ON August 10, 2018 - THE ABOVE NAMED DOCUMENTS WERE MAILED TO:**
FERNANDO ZAPATA AT 3519 BRAEWIN CT., HOUSTON, HARRIS COUNTY, TX 77068 VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED) AND VIA U.S. FIRST CLASS MAIL.

**SEE ATTACHED EXHIBIT "A" - TRACK AND CONFIRM CERTIFIED MAIL RECEIPT. THE CERTIFIED MAIL ARTICLE# 9314 7699 0430 0049 4396 46 PER USPS WEBSITE A NOTICE WAS LEFT ON AUGUST 14, 2018 AT 1:23 PM AND AS OF TODAY SEPTEMBER 10, 2018 I HAVE NOT RECEIVED A SIGNED GREEN CARD OR AN UNDELIVERABLE / RETURN ENVELOPE FOR EITHER OF THESE MAILINGS.**

**ON Friday, August 10, 2018 AT 02:05 PM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:** FERNANDO ZAPATA, 3519 BRAEWIN CT., HOUSTON, HARRIS COUNTY, TX, 77068 **BY ATTACHING A COPY TO THE FRONT DOOR PER ORDER FOR SUBSTITUTE SERVICE.**

DocID: 255574-1

2018-37316

**CAUSE NO. 2018-37316**

ANTHONY DEVENPORT,
**PLAINTIFF**                              §§

                                               IN THE 189TH DISTRICT COURT

VS.
                                               HARRIS COUNTY, TX

FERNANDO ZAPATA,
**DEFENDANT**


**FURTHER AFFIANT SAYETH NOT.**

_____
**A J SIMPSON, Affiant**
**ID: PSC 5622 Expires: 08/31/2020**

Before me personally appeared the above-named affiant, who, being first duly
sworn, stated upon oath that the above-stated facts are true and correct and
within his or her personal knowledge, and subscribed the same on this __10__ day of
__September__, **2018.**

_____
Notary Public In And for the State of Texas

ERICA ZUNIGA
Notary Public, State of Texas
Comm. Expires 03-11-2022
Notary ID 128204762

DocID: 255574-1

2018-37316

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** 9314769904300049424765

Remove ✕

This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

## Delivery Attempt

Reminder to Schedule Redelivery of your item

Get Updates ∨



## Text & Email Updates                                                    ∨

## Tracking History                                                         ∧

Reminder to Schedule Redelivery of your item
This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

August 14, 2018, 1:23 pm
Notice Left (No Authorized Recipient Available)
HOUSTON, TX 77068

August 14, 2018, 9:33 am
Out for Delivery
HOUSTON, TX 77068

August 14, 2018, 9:23 am
Sorting Complete
HOUSTON, TX 77068

**August 13, 2018, 2:56 pm**
Arrived at Unit
HOUSTON, TX 77014

**August 13, 2018, 2:01 am**
Departed USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**August 12, 2018**
In Transit to Next Facility

**August 11, 2018, 9:40 pm**
Arrived at USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**August 10, 2018**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

9/20/2018 9:51 AM
Chris Daniel - District Clerk Harris County
Envelope No. 27663086
By: Deandra Mosley
Filed: 9/20/2018 9:51 AM

## NO. 2018-37316

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **FERNANDO ZAPATA** | § | **189th JUDICIAL DISTRICT** |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **FERNANDO ZAPATA**, the Defendant, and in answer to the complaint filed herein would respectfully show unto the Court and Jury as follows:

I.

Defendant generally denies the material allegations contained in Plaintiff's Petition and demands strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED**, Defendant FERNANDO ZAPATA prays that Plaintiff take nothing by reason of this suit, that he be discharged and be released from costs, without day, and for all such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled.

Respectfully Submitted,

**COOPER, JACKSON & BOANERGES, P.C.**

MICHAEL W. COOPER TBA#: 04782300
9432 Katy Freeway, Suite 100
Houston, Texas 77055
Tel: (713) 464-3383
Fax: (713) 464-9467
mike@cjblawfirm.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the provisions of Rule 21 on this 20th day of September, 2018.

MICHAEL W. COOPER

10/2/2018 9:59 AM
Chris Daniel - District Clerk Harris County
Envelope No. 27955601
By: Brianna Denmon
Filed: 10/2/2018 9:59 AM

## CAUSE NO. 2018-37316

| | | |
|---|---|---|
| ANTHONY DEVENPORT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERNANDO ZAPATA | § | 189th JUDICIAL DISTRICT |

## PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, JUAN BANDA Individually, and as Next Friend of F█████ B█████, a Minor Child; MARIA BANDA, Individually; and ARTURO MUNOZ as Next Friend of L█████████ M██████, a Minor Child, Intervenors herein, and file this this Plea in Intervention and complains of Defendant FERNANDO ZAPATA. and for causes of action would respectfully show unto this Honorable Court as follows:

### I.
### DISCOVERY PLAN

1.    Discovery in this case is to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure, as the Intervenors seek monetary relief over $200,000 but not more than $1,000,000.

### II.
### PARTIES

2.    Plaintiff ANTHONY DEVENPORT is natural person represented by Mr. R. Keith Weber, Jr., Weber Law Firm, 2 Riverway, Suite 1770, Houston, Texas 77056.

3.    Defendant FERNANDO ZAPATA is a natural person, has made a general appearance and is represented by Mr. Michael Cooper, Cooper, Jackson & Boanerges, P.C., 9432 Katy Freeway, Suite 100, Houston, Texas 77055.

4.    Intervenors are natural persons residing in Harris County, Texas.

## III.
## VENUE AND JURISDICTION

5.　　Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.001 *et seq*. because all or a part of the cause of action accrued in Harris County, Texas. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
## FACTS

6.　　On or about June 3, 2017, Intervenor JUAN BANDA was operating a motor vehicle traveling north bound on Veterans Memorial Drive in Houston, Harris County, Texas. Intervenors MARIA BANDA, Minor F██████ B█████, and Minor L█████████ M█████ were passengers in JUAN BANDA'S vehicle. At the same time, Defendant FERNANDO ZAPATA was operating a motor vehicle traveling on Veterans Memorial Drive behind Intervenors' vehicle. Defendant failed to keep a proper lookout, failed to maintain an assured clear distance, and suddenly and without warning collided with the rear of Intervenors' vehicle. As a proximate and foreseeable result of the collision, Intervenors sustained personal injuries and damages set forth more fully below. Nothing Intervenors did or failed to do caused or contributed to the collision, or Intervenors' resulting injuries and damages.

## V.
## NEGLIGENCE OF DEFENDANT

7. Defendant ZAPATA had a duty to operate his vehicle as a reasonably prudent operator would have under the same or similar circumstances; however, ZAPATA disregarded this duty. Such disregard for and breach of this duty consisted of, but is not limited to, the following acts and/or omissions:

      a.　　Failing to control the speed of the vehicle;

b.     Failed to maintain an assured clear distance to avoid a collision

c.      Failing to pay attention to the driving conditions;

d.      Operating her vehicle at a greater rate of speed than was reasonably prudent;

e.      Failing to take proper evasive action;

f.      Failing to apply the brakes to the vehicle he was driving;

g.      Failing to properly maintain the vehicle;

h.      Failing to apply sufficient force to the brakes to avoid the collision;

i.      Failing to avoid the collision;

j.      Failing to maintain a proper lookout;

k.      Failing to turn her vehicle to the left or to the right in order to avoid the collision;

l.      Failing to drive in a reasonably attentive manner;

m.      Failing to drive in a single lane of traffic;

n.      Violating the terms and provisions of THE TEXAS TRANSPORTATION CODE, and THE TEXAS DRIVER'S HANDBOOK; and

o.      Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

## VI.
## NEGLIGENCE *PER SE* OF DEFENDANT

8.     Defendant ZAPATA'S violations of local ordinances and state traffic laws constitute negligence *per se*. ZAPATA'S negligence *per se* was a direct and proximate cause of the collision in question and the resulting injuries and damages sustained by Intervenors. ZAPATA'S violations of local ordinances and state traffic laws include the following:

a.     Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.401, Defendant drove his vehicle with heedless and reckless disregard of the safety and welfare of others, including Intervenors;

b. Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.060, Defendant failed to drive his vehicle in a single lane of traffic;

c. Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.062, Defendant failed to maintain an assured clear distance to avoid a collision; and

d. Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.351, Defendant failed to control the speed of the vehicle as necessary to avoid colliding with Intervenors' and Plaintiff's vehicle.

9.     On the occasion in question, ZAPATA failed to comply with each of the above provisions of the TEXAS TRANSPORTATION CODE DRIVER'S HANDBOOK.  Intervenors are within the class of persons designed to be protected by the above referenced statutes.  As such, ZAPATA'S conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law.  ZAPATA'S negligence *per se* was a direct and proximate cause of the incident in question and Intervenors' injuries and damages.

## VII.
## DAMAGES

10.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors incurred medical expenses in the past, and in all reasonable probability, such medical expenses will continue into the future.

11.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors sustained lost wages and/or lost earning capacity in the past and, in all reasonable probability, such lost earning capacity will continue in the future.

12.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors experienced physical pain and suffering in the past, and in all reasonably probability, will sustain physical pain and suffering in the future.

13.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors experienced mental anguish in the past, and in all reasonable

probability, will sustain mental anguish in the future.

14.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors experienced physical impairment or physical incapacity in the past, and in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

15.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors experienced physical disfigurement in the past, and in all reasonable probability, will sustain physical disfigurement in the future.

16.     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenors' vehicle was damaged in the wreck.  Intervenor incurred property damage, rental expense, and diminution in value of his vehicle proximately caused by the damage from the subject collision, for which she now sues.

## VIII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

17.     Intervenors are entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## IX.
## REQUEST FOR DISCLOSURE TO DEFENDANT

18.     Pursuant to Texas Rule of Civil Procedure 194, Intervenors hereby request Defendant FERNANDO ZAPATA to disclose within thirty (30) days of service of this Plea in Intervention and this request, the information and material described in T.R.C.P. 194.2(a)-(l).

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenors pray that Defendant FERNANDO ZAPATA. be cited to appear and answer herein and, upon final hearing of this cause,

Intervenors have judgment against Defendant for damages described herein, for actual damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Intervenors may show themselves justly entitled.

Respectfully submitted,
**KWOK DANIEL LTD., L.L.P.**

  */s/ Winfield S. Williams*
**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
**Winfield S. Williams**
SBN: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: wwilliams@kwoklaw.com
**ATTORNEYS FOR INTERVENORS**

CERTIFICATE OF SERVICE

I certify that on October 2, 2018, a true and correct copy of this document has been duly served on all known parties and counsel of record via e-service, facsimile, e-mail, U.S. mail, certified mail, and/or hand delivery in accordance with the Texas Rules of Civil Procedure.

  */s/ Winfield S. Williams*
 Winfield S. Williams

Case No.  201837316

**DCORX**

DEVENPORT, ANTHONY

vs.

ZAPATA, FERNANDO

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

189th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **03/19/19**   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **06/17/19**   Experts for parties seeking affirmative relief.
(b) **07/17/19**   All other experts.

3.   **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME: Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b) **07/17/19**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **08/16/19**   **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **08/16/19**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **08/16/19**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **08/16/19**   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **08/16/19**   **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME:   Failure to appear will be grounds for dismissal for want of prosecution.

11. **09/16/19**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

|||||||||||||||||||||||||||||||||||||||||

RANDALL KEITH JR. WEBER
2 RIVERWAY STE 1770
HOUSTON TX 77056-1971

3    24056502

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 10/02/2018

JCVO02
rev.11202006

Case No.  201837316

**DCORX**

DEVENPORT, ANTHONY

vs.

ZAPATA, FERNANDO

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

189th     JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **03/19/19**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **06/17/19**   Experts for parties seeking affirmative relief.
(b) **07/17/19**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **07/17/19**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **08/16/19**   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a) **08/16/19**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **08/16/19**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **08/16/19**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **08/16/19**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:             Failure to appear will be grounds for dismissal for want of prosecution.

11. **09/16/19**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MICHAEL W. COOPER
9432 KATY FWY STE 100
HOUSTON TX 77055-6352

3     4782300

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 10/02/2018

4/22/2019 10:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32944194
By: Deandra Mosley
Filed: 4/22/2019 10:29 AM

<div align="center">

NO. 201837316

</div>

| ANTHONY DEVENPORT, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERNANDO ZAPATA, | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

<div align="center">

**PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE**

</div>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ANTHONY DEVENPORT, to give written notice that he no longer wishes to pursue his claims against Defendant, FERNANDO ZAPATA, in the above-referenced cause and files this, his Notice of Nonsuit without Prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANTHONY DEVENPORT, formally nonsuits, without prejudice, all his claims against Defendant FERNANDO ZAPATA.

Respectfully submitted,

R. Keith Weber, Jr.
WEBER LAW FIRM
State Bar No. 24056502
2 Riverway, Suite 1770
Houston, Texas 77056
Tel: (281) 369-4719
Fax: (281) 369-4718
Email: RW@GulfCoastFirm.com
**COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

On April 22, 2019, I hereby certify a true and correct copy of the foregoing, *Plaintiff's Notice of Nonsuit with Prejudice*, was duly served in compliance with the Texas Rules of Civil Procedure.

R. Keith Weber, Jr.

5/22/2019 11:06:07 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 33772050
By: QUINTANILLA, OZUQUI M
Filed: 5/22/2019 11:06:07 AM

### CAUSE NO. 2018-37316

| | | |
|---|---|---|
| ANTHONY DEVENPORT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERNANDO ZAPATA | § | 189th JUDICIAL DISTRICT |

### ORDER APPOINTING GUARDIAN AD LITEM

On this day, this Court considered Intervenors' MOTION TO APPOINT GUARDIAN AD

LITEM. The Court, having considered the Motion, is of the opinion it should be in all respects

GRANTED. It is therefore,

ORDERED that <u>the Honorable William "Bill" McLeod *</u> be appointed as Guardian Ad Litem to

represent the interests of Minor Plaintiffs. It is further,

ORDERED that fees and costs of the Guardian Ad Litem to be borne by Defendant.

SIGNED _____ 2019.

Signed:
5/23/2019

_____

JUDGE PRESIDING

*The Honorable William "Bill" McLeod
SBN: 24034567
2950 Unity Drive, #571461
Houston, TX 77257
713-227-6300
832-962-8208 FAX
bill@lawmcleod.com

**FILED**
Marilyn Burgess
District Clerk

JUL - 1 2019

Time: _____
By _____
Harris County, Texas
Deputy

CAUSE NO. 2018-37316

Anthony Devenport

vs.

Fernando Zapota,

§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

189th JUDICIAL DISTRICT

### APPOINTEE FEE REPORT

By agreement of the parties / order of the Court  Willi D. McLeod, SBOT # 24034567.  was appointed in the above referenced cause as:

P1

☑ guardian ad litem      ☐ attorney ad litem      ☐ mediator      ☐ master      ☐ commissioner
☐ arbitrator      ☐ umpire      ☐ receiver      ☐ trustee      ☐ other _____

The appointee's fee/expenses to be paid are as follows:

| Payment [1] | Billed Expenses, if any | Billed Hours |
|---|---|---|
| $ 2,500 | $ Waived | 10 |
| $ | $ | |
| $ | $ | |
| Total: | $ 2,500 | |

**Party Making Payment:**

☑ Defendant (s)
☐ Plaintiff (s)
☐ Other _____

Such payments may be reassessed as costs. *See* TEX. R. CIV. P. 131 & 141. Such payments are not in addition to, but are included in, any amounts reflected in the judgment.

☑ agreed      ☐ not agreed

Attorney: Michael W. Cooper
SBN: 04782300
Address:: 9432 Katy Fwy #100
Houston TX 77055
Phone: (713) 464 3383
Counsel for: Δ Zapata

☑ agreed      ☐ not agreed

Attorney: Willi D. McLeod
SBN: 24034567.
Address: 2950 Unity Dr. # 571461
Houston Tx. 77257
Phone:
Counsel for: Ad. Litem

Approved on _____

☑ agreed      ☐ not agreed

Attorney: Winfred Williams
SBN: 24090848
Address: 9605 Katy Freeway #850
HTX 77024
Phone: 713-773-3380
Counsel for: PL Plaintiffs

☐ agreed      ☐ not agreed

Attorney: _____
SBN: _____
Address: _____

Phone: _____
Counsel

Signed:
7/5/2019 _____
Judge Presiding

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

[1] If fees are greater than $1,000.00, the appointee may provide written details of the hours worked and expenses (attach additional pages as necessary).

Approved: 9/2016

7/23/2019 12:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35350501
By: Cynthia Clausell-McGowan
Filed: 7/23/2019 12:12 PM

## CAUSE NO. 2018-37316

| | | |
|---|---|---|
| ANTHONY DEVENPORT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERNANDO ZAPATA | § | 189th JUDICIAL DISTRICT |

### FIRST AMENDED PLEA IN INTERVENTION AND DISCOVERY TO
### DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, JUAN BANDA Individually, and as Next Friend of F██████ B██████, a Minor Child; MARIA BANDA, Individually; and ARTURO MUNOZ as Next Friend of L██████ M██████, a Minor Child, Intervenors/Plaintiffs herein, and file this this First Amended Plea in Intervention and complains of Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("ALLSTATE"), and Defendant FERNANDO ZAPATA, and for causes of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.     Discovery in this case is to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.     Plaintiff ANTHONY DEVENPORT is a natural person represented by Mr. R. Keith Weber, Jr., Weber Law Firm, 2 Riverway, Suite 1770, Houston, Texas 77056.

3.     Defendant FERNANDO ZAPATA is a natural person, has made a general appearance and is represented by Mr. Michael Cooper, Cooper, Jackson & Boanerges, P.C., 9432 Katy Freeway, Suite 100, Houston, Texas 77055.

4.     Intervenors/Plaintiffs are natural persons residing in Harris County, Texas.

5.      Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY is a domestic insurance company registered to do business in Texas and may be served with process by certified mail via CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.
### VENUE AND JURISDICTION

6.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.001 *et seq*. because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas, Defendant FERNANDO ZAPATA resided in Harris County, Texas, at the time the causes of action accrued, the loss occurred in Harris County, Texas, and Harris County, Texas, is the county in which the policyholder and the person instituting this suit resided at the time the causes of action accrued.

7.      Subject-matter jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This court has personal jurisdiction over all parties as set forth above.

### IV.
### REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

8.      To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Intervenors/Plaintiffs hereby demand upon answering this suit, that the Defendants answer in their correct legal and assumed names.  TEX. R. CIV. P. 28.

## V.
## <u>TEMPORARY ABATEMENT OF CERTAIN STATUTORY CLAIMS</u>

9.      Intervenors/Plaintiffs hereby specify that the below pleaded claims against ALLSTATE for violations of Article 17.41 et seq., Texas Business and Commerce Code and Chapter 542, Texas Insurance Code are abated temporarily so that the requisite statutory notice periods may expire (sixty days and thirty days, respectively, from the date on which proper notice is given to said Defendant).  After which time Intervenors/Plaintiffs will resume the prosecution of such statutory claims in conjunction with other claims pleaded herein which are not subject to abatement.  The claims set out herein below against ALLSTATE based on breach of contract, intentional infliction of emotional distress, Chapter 542 Texas Insurance Code, and breach of the duty of good faith and fair dealing shall henceforth be prosecuted without abatement.  Therefore, proper notice of Intervenors'/Plaintiffs' damages was given under the Deceptive Trade Practices-Consumer Protection Act and Chapter 541 of the Texas Insurance Code.

## VI.
## <u>PROGRESSIVE MUTUAL AUTOMOBILE INSURANCE COMPANY</u>
## <u>ACTED THROUGH ITS AGENTS AND REPRESENTATIVES</u>

10.     All references herein to ALLSTATE, insofar as notice, knowledge, intent, acts, omissions and all other conduct of same is concerned, necessarily includes that which was given, had, known, and done by and through ALLSTATE'S authorized agents and employees acting in the course and scope of their employment with ALLSTATE.

## VII.
## <u>FACTS</u>

11.     On or about June 3, 2017, Intervenor JUAN BANDA was operating a motor vehicle traveling north bound on Veterans Memorial Drive in Houston, Harris County, Texas. Intervenors/Plaintiffs MARIA BANDA, Minor F████ B████, and Minor L████ M████ were passengers in JUAN BANDA'S vehicle. At the same time, Defendant

FERNANDO ZAPATA was operating a motor vehicle traveling on Veterans Memorial Drive behind Intervenors'/Plaintiffs' vehicle. Defendant failed to keep a proper lookout, failed to maintain an assured clear distance, and suddenly and without warning collided with the rear of Intervenors'/Plaintiffs' vehicle. As a proximate and foreseeable result of the collision, Intervenors/Plaintiffs sustained personal injuries and damages set forth more fully below. Nothing Intervenors/Plaintiffs did or failed to do caused or contributed to the collision, or Intervenors'/Plaintiffs' resulting injuries and damages.

12.     At all times pertinent herein, Intervenors/Plaintiffs were covered by a policy of insurance issued by Defendant ALLSTATE, said policy being further identified as Policy/Member Number 516710971 (the "Policy").  On the date of the collision described herein, the policy contained Uninsured/Underinsured Motorist ("UM/UIM") coverage with limits of Sixty Thousand Dollars ($60,000.00).

13.     Intervenors/Plaintiffs submitted medical evidence of Intervenors'/Plaintiffs' damages to Defendant ALLSTATE and sought an evaluation of Intervenors'/Plaintiffs' underinsured motorist claim and personal injury protection claim. Despite having incurred medical costs far in excess of the negligent third party's insurance policy, along with liability and damages reasonably clear, Defendant ALLSTATE responded with a letter denying payment of Intervenors'/Plaintiffs' underinsured motorist claims and requesting unreasonable and unnecessary information. Intervenors/Plaintiffs gave notice to Defendant ALLSTATE as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit. Defendant ALLSTATE compelled Intervenors/Plaintiffs to institute this lawsuit to recover the damages owed to them.

14.     From and after the time Intervenors'/Plaintiffs' claim was presented to Defendant ALLSTATE, the liability in accordance with the terms of the Policy was reasonably clear.

However, Defendant ALLSTATE has only made Intervenors/Plaintiffs a less than reasonable offer, with no explanation or basis whatsoever.

## VIII.
## NEGLIGENCE OF DEFENDANT FERNANDO ZAPATA

15.     The negligence of FERNANDO ZAPATA was a proximate cause of the occurrence in question. Defendant FERNANDO ZAPATA had a duty to exercise reasonable care and operate his vehicle as a reasonably prudent operator would have done under the same or similar circumstances; however, Defendant FERNANDO ZAPATA breached this duty.  Such disregard for and breach of this duty consisted of, but is not limited to, the following acts and/or omissions:

    a.      Failing to control the speed of the vehicle;

    b.      Failed to maintain an assured clear distance to avoid a collision

    c.      Failing to pay attention to the driving conditions;

    d.      Operating his vehicle at a greater rate of speed than was reasonably prudent;

    e.      Failing to take proper evasive action;

    f.      Failing to apply the brakes to the vehicle he was driving;

    g.      Failing to properly maintain the vehicle;

    h.      Failing to apply sufficient force to the brakes to avoid the collision;

    i.      Failing to avoid the collision;

    j.      Failing to maintain a proper lookout;

    k.      Failing to turn his vehicle to the left or to the right in order to avoid the collision;

    l.      Failing to drive in a reasonably attentive manner;

    m.      Failing to drive in a single lane of traffic;

    n.      Violating the terms and provisions of THE TEXAS TRANSPORTATION CODE, and THE TEXAS DRIVER'S HANDBOOK; and

o.   Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

16.   Each of the above referenced acts or omissions by Defendant FERNANDO ZAPATA, singularly or in combination, directly and/or proximately caused Intervenors'/Plaintiffs' injuries and damages.

## IX.
## NEGLIGENCE *PER SE* OF DEFENDANT FERNANDO ZAPATA

17.   Defendant FERNANDO ZAPATA'S violations of local ordinances and state traffic laws constitute negligence *per se*.  Defendant FERNANDO ZAPATA'S negligence *per se* was a direct and proximate cause of the collision in question and the resulting injuries and damages sustained by Intervenors/Plaintiffs.  Defendant FERNANDO ZAPATA'S violations of local ordinances and state traffic laws include the following:

a.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.401, Defendant drove his vehicle with heedless and reckless disregard of the safety and welfare of others, including Intervenors/Plaintiffs;

b.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.060, Defendant failed to drive his vehicle in a single lane of traffic;

c.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.062, Defendant failed to maintain an assured clear distance to avoid a collision; and

d.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.351, Defendant failed to control the speed of the vehicle as necessary to avoid colliding with Intervenors'/Plaintiffs' and Plaintiff's vehicle.

18.   On the occasion in question, Defendant FERNANDO ZAPATA failed to comply with each of the above provisions of the TEXAS TRANSPORTATION CODE DRIVER'S HANDBOOK. Intervenors/Plaintiffs are within the class of persons designed to be protected by the above referenced statutes.  As such, Defendant FERNANDO ZAPATA'S conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law.  Defendant

FERNANDO ZAPATA'S negligence *per se* was a direct and proximate cause of the incident in question and Intervenors'/Plaintiffs' injuries and damages.

**X.**
**DECLARATORY RELIEF – ACTION FOR UM/UIM BENEFITS**

19.     Intervenors/Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

20.     On June 3, 2017, Intervenors/Plaintiffs were insured under an automobile policy from Defendant ALLSTATE (hereinafter referred to as the "Policy").   The Policy is further identifiable as policy number 516710971.

21.     By virtue of the Policy, Defendant ALLSTATE promised, in relevant part, to pay damages, which a covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an incident.

22.     The Policy was purchased by paying ALLSTATE valuable consideration in the form of premium payments in exchange for ALLSTATE'S contractual promises to provide the coverage afforded by said policy with ALLSTATE and ALLSTATE'S concomitant obligations and duties expressly and impliedly associated therewith and imposed upon ALLSTATE as a matter of contract and law insofar as ALLSTATE'S performance is concerned.   The transaction concerning the purchase of the Policy and claims made thereunder involved the sale of goods and services from ALLSTATE to the policyholder with respect to which Intervenors/Plaintiffs were and at all relevant times consumers of same.

23.     On or about June 3, 2017, during the effective period for which coverage was provided Intervenors/Plaintiffs under the Policy, Intervenors/Plaintiffs were operating the "covered auto" under the Policy.   A collision occurred, which is more thoroughly described herein,

caused by the negligence and/or gross negligence of the third party, Defendant FERNANDO ZAPATA. The impact occurred with such force that Intervenors/Plaintiffs sustained serious bodily injuries. Intervenors/Plaintiffs further allege that Defendant FERNANDO ZAPATA was uninsured or underinsured, and ALLSTATE, through their actions and/or omissions, is heretofore estopped to deny that Intervenors/Plaintiffs were struck and injured by an uninsured or underinsured driver.

24.     Following the collision referenced above, Intervenors/Plaintiffs gave notice to ALLSTATE as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit. Intervenors/Plaintiffs maintain that they are entitled to the Uninsured/Underinsured Motorists Coverage under the Policy given their injuries; their past and future pain and suffering; their past and future mental anguish; their past and future impairment and disfigurement; their past and future medical expenses; and other consequences of the subject collision.

## XI.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS
## INSURANCE CODE AGAINST DEFENDANT ALLSTATE

25.     Intervenors/Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

26.     Defendant ALLSTATE and its employees failed to reasonably explain to Intervenors/Plaintiffs the reasons for its denial and/or unreasonable request for unnecessary additional information as required under the Texas Insurance Code. Specifically, Defendant ALLSTATE did not make a reasonable offer and instead vaguely requested a copy of Intervenors'/Plaintiffs' "general health insurance payment record" without any explanation as to why or how that information is necessary to evaluate the claim. Defendant ALLSTATE's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

27.     Defendant ALLSTATE failed to make an attempt to settle Intervenors'/Plaintiffs' UM//UIM claims in a fair manner, although ALLSTATE was aware of its liability to Intervenors/Plaintiffs under the Policy.  Defendant ALLSTATE's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

28.     Defendant ALLSTATE refused to fully compensate Intervenors/Plaintiffs, under the UM/UIM terms of the Policy, and Defendant ALLSTATE failed to conduct a reasonable investigation into both of Intervenors'/Plaintiffs' UM/UIM claims. Defendant ALLSTATE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

## XII.
## VIOLATIONS OF CHAPTER 542 OF THE TEXAS
## INSURANCE CODE AGAINST DEFENDANT ALLSTATE

29.     Intervenors/Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

30.     Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of Intervenors'/Plaintiffs' claims without delay.  Specifically, it has delayed full payment of Intervenors'/Plaintiffs' claims longer than allowed and, to date, Intervenors/Plaintiffs have not yet received any payment for their claims.  Defendant ALLSTATE'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31.     Defendant ALLSTATE'S failure to notify Intervenors/Plaintiffs in writing of its acceptance or rejection of Intervenors'/Plaintiffs' claim within the applicable time constraints constitutes a non-prompt payment of claim under §542.056 of the Texas Insurance Code.

32.     Defendant ALLSTATE'S delay of the payment of Intervenors'/Plaintiffs' claims following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for by law, constitutes a non-prompt payment of claim under §542.058 of the Texas Insurance Code.

33.     Defendant ALLSTATE failed to attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear. Defendant ALLSTATE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.003(4).

34.     Defendant ALLSTATE compelled their policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder. Defendant ALLSTATE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.003(5).

35.     Defendant ALLSTATE compelled their policyholder to institute a suit to recover an amount due under a policy by unreasonably denying the claim. Defendant ALLSTATE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.003(5).

36.     As a result of Defendant ALLSTATE'S wrongful acts and omissions, Intervenors/Plaintiffs were forced to retain the professional services of the attorneys and the law firm who are representing them with respect to these causes of action.

### XIII.
### VIOLATIONS OF THE TEXAS
### ADMINISTRATION CODE AGAINST DEFENDANT ALLSTATE

37.     Section 28.201 et seq. of the Texas Administrative Code provides that "No insurer shall engage in unfair claim settlement practices." Intervenors/Plaintiffs allege that Defendant ALLSTATE engaged in unfair claim settlement practices violating the following subsections of

the Texas Administration Code: (1) misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue; (3) failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies; (4) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear; (5) compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; (6) not attempting in good faith to settle promptly claims where liability has become reasonably clear under one portion of the policy in order to influence settlement under other portions of the policy coverage; (7) failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; (8) undertaking to enforce a full and final release from a policyholder when, in fact, only a partial payment has been made; and (9) refusing to pay claims without conducting a reasonable investigation based upon available information. Intervenors/Plaintiffs would show that Defendant ALLSTATE'S employee(s) was/were at all applicable times a "person" as that term is defined in section 541.002 of the Texas Insurance Code and that all or part of Defendant ALLSTATE'S violations described herein were committed by and through its employee(s) and other currently unknown employees and agents.

## XIV.
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT AGAINST DEFENDANT ALLSTATE

38. Intervenors/Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

39. Defendant ALLSTATE used or employed acts and practices in violation of Chapters 541 and 542 of the Texas Insurance Code as well as the rules and regulations issued by the State Board of Insurance under former Article 21.21. The conduct of Defendant ALLSTATE

constituted a producing cause of actual damages to Intervenors/Plaintiffs under the Policy and mental anguish.  The conduct of Defendant ALLSTATE was committed knowingly.  This conduct is actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"). Defendant ALLSTATE is liable for unfair claims settlement practices under Section 17.50(a)(4) of the DTPA.

40.     Defendant ALLSTATE violated Chapters 541 and 542 of the Texas Insurance Code.  Chapter 542 permits recovery for a violation of Board Order 41060, which Defendant ALLSTATE knowingly violated.   Board Order 41060, 28 TEX. ADMIN. CODE §§21.3, 21.4 prohibits certain conduct including that which is defined as unfair or deceptive by the provisions of the Texas Insurance Code.  Chapter 542.003 defines unfair claim settlement practices, which Defendant ALLSTATE illegally violated.   Therefore, Defendant ALLSTATE'S violation of Chapter 542 is actionable under the Texas DTPA vis-à-vis Chapter 542 vis-à-vis Board Order 41060.

41.     One or more of the above-pleaded acts or practices also constitutes unconscionable action or course of action knowingly committed by Defendant ALLSTATE, which was a producing cause of damages to Intervenors/Plaintiffs.

## XV.
## KNOWLEDGE

42.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Intervenors'/Plaintiffs' damages described herein.

## XVI.
## DAMAGES

43.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs incurred medical expenses in the past, and in all reasonable probability, such medical expenses will continue into the future.

44.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs sustained lost wages and/or lost earning capacity in the past and, in all reasonable probability, such lost earning capacity will continue in the future.

45.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs experienced physical pain and suffering in the past, and in all reasonably probability, will sustain physical pain and suffering in the future.

46.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs experienced mental anguish in the past, and in all reasonable probability, will sustain mental anguish in the future.

47.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs experienced physical impairment or physical incapacity in the past, and in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

48.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors/Plaintiffs experienced physical disfigurement in the past, and in all reasonable probability, will sustain physical disfigurement in the future.

49.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenors'/Plaintiffs' vehicle was damaged in the wreck.

Intervenors/Plaintiffs incurred property damage, rental expense, and diminution in value of their vehicle proximately caused by the damage from the subject collision, for which they now sue.

50.     As a result of Defendant ALLSTATE'S actions and/or omissions, Intervenors/Plaintiffs have been forced to seek counsel. Intervenors/Plaintiffs, therefore, seek reimbursement of reasonable attorney's fees, inasmuch as Intervenors/Plaintiffs have been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to Tex. Ins. Code §541 & 542, Intervenors/Plaintiffs hereby make this written presentment of their claim for attorney fees.

51.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Intervenors/Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Intervenors/Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

52.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Intervenors/Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

53.     For violations of the Deceptive Trade Practices Act, Intervenors/Plaintiffs are entitled to economic damages and mental anguish, along with attorney's fees, interest, and court costs. For knowing conduct of the acts described above, Intervenors/Plaintiffs ask for three times their actual damages. TEX. BUS. & COM. CODE §17.50(b)(1).

54.     The amount of the Intervenors'/Plaintiffs' damages is substantial and in excess of the minimal jurisdictional limits of this Court. Many elements of damage including pain, suffering, mental anguish, physical impairment, disfigurement, and exemplary damages, cannot be determined with mathematical precision. Furthermore, the determination of many of these

elements of damage is within the fact finder's province.   However, Intervenors/Plaintiffs are required by Texas law to set forth a range of damages sought. Intervenors/Plaintiffs hereby seek monetary relief in an amount not greater than $70,000 at this time. Intervenors/Plaintiffs reserve the right to amend this damage calculation as discovery progresses should this range be too high or too low.   Intervenors/Plaintiffs make this damage calculation at this time pursuant to Texas Rules of Civil Procedure 47.

## XVII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

55.      Intervenors/Plaintiffs are entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate, court costs, and exemplary damages.

## XVIII.
## DISCOVERY TO DEFENDANT ALLSTATE

56.      Pursuant to Texas Rule of Civil Procedure, Intervenors/Plaintiffs hereby serve the following discovery requests, attached hereto as Exhibits 1 – 4, upon Defendant ALLSTATE, which must be answered by Defendant within 50 days of service of these requests. The discovery requests are as follows:

    a.  Exhibit 1:    Intervenors'/Plaintiffs' Request for Disclosure to ALLSTATE;

    b.  Exhibit 2:    Intervenor's/Plaintiffs' Interrogatories to ALLSTATE;

    c.  Exhibit 3.    Intervenors'/Plaintiffs' Request for Production to ALLSTATE;

    d.  Exhibit 4:    Intervenors'/Plaintiffs' Request for Admission to ALLSTATE.

## XIX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenors/Plaintiffs pray that Defendant FERNANDO ZAPATA and Defendant ALLSTATE be cited to appear and answer herein and, upon final hearing of this cause, Intervenors/Plaintiffs have judgment against Defendants for all

damages described herein, for actual damages, exemplary damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Intervenors/Plaintiffs may show themselves justly entitled.

Respectfully submitted,
**KWOK DANIEL LTD., L.L.P.**

  */s/ Winfield S. Williams*          
**Robert S. Kwok**
SBN: 00789430
**Winfield S. Williams**
SBN: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: wwilliams@kwoklaw.com
**ATTORNEYS FOR INTERVENORS/
PLAINTIFFS**

CERTIFICATE OF SERVICE

I certify that on July 23, 2019, a true and correct copy of this document has been duly served on all known parties and counsel of record via e-service, facsimile, e-mail, U.S. mail, certified mail, and/or hand delivery in accordance with the Texas Rules of Civil Procedure.

  */s/ Winfield S. Williams*          
Winfield S. Williams

**EXHIBIT 1**

**CAUSE NO. 2018-37316**

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FERNANDO ZAPATA** | § | **189th JUDICIAL DISTRICT** |

**INTERVENOR/PLAINTIFF JUAN BANDA'S REQUEST FOR DISCLOSURE TO
DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

TO:     ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Please take notice that:  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within thirty (30) days of service of this Request, the information or material described below:

(a)     The correct names of the parties to this lawsuit;

(b)     The name, address and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual bases of the responding party's claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address and telephone number of persons having knowledge of relevant facts, along with a brief statement of each identified person in connection with the case;

(f)     For all testifying experts:

    (1)     The expert's name, address and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, the documents reflecting such information;

 (4) If the expert is retained by, employed by, or otherwise subject to your control:

   (A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and

   (B) The expert's current resume and bibliography;

(g) Any discoverable indemnity and insuring agreements;

(h) Any discoverable settlement agreements;

(i) Any discoverable witness statements;

(j) All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such records and bills;

(k) All medical records and bills obtained by you (responding party) by virtue of an authorization furnished by this (requesting) party.

(l) The name, address, and telephone number of any person who may be designated as a responsible third party.

    Respectfully submitted,

    **KWOK DANIEL LTD., L.L.P.**

    */s/ Winfield S. Williams*
    **Robert S. Kwok**
    SBN: 00789430
    **Winfield S. Williams**
    SBN: 24090848
    9805 Katy Freeway, Suite 850
    Houston, Texas 77024
    Telephone: (713) 773-3380
    Facsimile: (713) 773-3960
    Email: wwilliams@kwoklaw.com

    **ATTORNEYS FOR INTERVENORS/ PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing document was served on ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found for service along with Intervenors'/Plaintiffs' First Amended Plea in Intervention and Discovery to Defendant Allstate.

Signed on July 15, 2019.


_/s/ Winfield S. Williams_____
Winfield S. Williams

**EXHIBIT 2**

**CAUSE NO. 2018-37316**

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FERNANDO ZAPATA** | § | **189th JUDICIAL DISTRICT** |

**INTERVENOR/PLAINTIFF JUAN BANDA'S INTERROGATORIES TO**
**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

TO:   ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant
herein, by and through its registered agent for service, CT Corporation System, 1999 Bryan
Street, Suite 900, Dallas, Texas 75201.

COMES NOW, JUAN BANDA, Intervenor/Plaintiff in the above styled cause, and,
pursuant to Rule 197 of the Texas Rules of Civil Procedure, files the attached Interrogatories.

The undersigned party propounds the attached Interrogatories to you under the provisions
of Rules 192, 193, and 197 of the Texas Rules of Civil Procedure.  You are notified that this party
specifies that verified, sworn answers shall be served on the first business day after the expiration
of fifty (50) days from the date of service of these Interrogatories and that the Interrogatories and
your answers may be offered in evidence at the trial of this lawsuit.

The Interrogatories which follow are to be considered as continuing, and pursuant to TEX.
R. CIV. P.193.5 you are requested to provide by way of supplemental answers hereto such
additional information as you or any other person acting on your behalf may hereafter obtain which
will augment, correct or otherwise modify your answers given to the Interrogatories below.  Such
supplemental responses are to be filed and served upon this party immediately upon receipt of such
information.

As used herein, the words defined below shall be deemed to have the following meanings:

1.   "You" or "Your" refers to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "ALLSTATE"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2.   "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3.   "Defendant" refers to ALLSTATE, its agents, servants, employees, members, subsidiaries, and/or divisions.

4.   "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5.   "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6.   "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7.   "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8.   "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

9.   "Petition" refers to the Plaintiff's Original Petition, the Intervenors' Plea in Intervention, and any and all amended or supplemental petitions or pleas that Plaintiff and/or Intervenors/Plaintiffs filed in this lawsuit.

10.  "Plaintiff" refers to ANTHONY DEVENPORT.

11.  "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

12.    The "collision," "wreck," "incident," "occurrence," and "accident" refer to the collision made the basis of this lawsuit, which occurred on June 3, 2017, involving the vehicle operated by Intervenors/Plaintiffs, and the vehicle being driven by FERNANDO ZAPATA.

13.    The "policy" refers to automobile insurance policy number 516710971 with ALLSTATE covering Intervenors/Plaintiffs at the time of the incident made the basis of this suit, which occurred on June 3, 2017.

14.    The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Intervenors/Plaintiffs with ALLSTATE, as a result of the collision made the basis of this lawsuit, which occurred on June 3, 2017.

15.    The "Uninsured/Underinsured Motorists claim" refers to ALLSTATE claim number 0460082621, and/or the claim for benefits made by or on behalf of Intervenors/Plaintiffs with ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, stemming from the motor vehicle collision in which Intervenors/Plaintiffs were involved on or about June 3, 2017.

16.    "Policyholder" refers to Alejandro Barrientos and/or any other person or entity to whom the Policy was issued.

17.    "Identify" has the following meanings:

(a)    When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

(b)    When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

(c)    When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

(d)    When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (iii) if the communication was by telephone, to state the date and

place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1. Missing or lost,
2. Destroyed,
3. Transferred voluntarily or involuntarily to others, and if so, to whom, or
4. Otherwise disposed of; and in each instance explain the circumstances surrounding any authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

 */s/ Winfield S. Williams*
**Robert S. Kwok**
SBN: 00789430
**Winfield S. Williams**
SBN: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: wwilliams@kwoklaw.com

**ATTORNEYS FOR INTERVENORS/
PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing document was served on ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found for service along with Intervenors'/Plaintiffs' First Amended Plea in Intervention and Discovery to Defendant Allstate.

Signed on July 22, 2019.


*/s/ Winfield S. Williams*
Winfield S. Williams

**INTERVENOR/PLAINTIFF JUAN BANDA'S INTERROGATORIES TO
DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

**INTERROGATORY NO. 1:**

Please identify yourself and all persons who assisted or provided information in answering these interrogatories by giving full names, any other names you have gone by in your lifetime, any prior aliases, ages, addresses, employer's names and addresses, occupations, dates of birth, social security numbers, phone numbers, and driver's license numbers.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please give the name, date of birth, address, telephone number and position within the company of the person designated by you as the representative of ALLSTATE in this case.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all consulting experts whose mental impressions or opinions have been reviewed by a testifying expert by stating:

  a.   The experts' names, addresses, and telephone numbers;
  b.   The facts known by the experts that relate to or form the basis of the experts' mental impressions and opinions formed or made in connection with this case;
  c.   The experts' mental impressions and opinions formed, or made in connection with the case and any methods used to derive them;
  d.   Any biases or potential biases of the witnesses; and
  e.   A description of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the experts

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify by listing the names, addresses, and telephone numbers of any person who is expected to be called to testify at trial.

**ANSWER:**

**INTERROGATORY NO. 5:**

For each expert, agent, or employee of yours identified in your answers to Intervenors'/Plaintiffs' discovery requests, list each lawsuit in which the person has testified, been deposed, or been disclosed as an expert, and state:

(a)     the style, cause number, court, county, and state of the lawsuit;

(b)     the nature of the suit;

(c)     the current status of the suit;

(d)     the dates of any testimony or deposition given by the expert, agent or employee; and

(e)     the identity, address, and telephone number of any person having custody of a transcript of any testimony or deposition given by the expert, agent, or employee.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify any documents (including records, papers, books, accounts, drawings, models, schematics, diagrams, graphs, charts, photographs, x-rays, electronic or videotape recordings, any non-identical copies of documents, and any other data compilations from which information can be obtained and translated, if necessary, by the responding person into reasonably usable form) which are or may be responsive to Intervenors'/Plaintiffs' Request for Production or Interrogatories, that have been destroyed, lost, or altered (i.e. changed in any manner after the document was dated) since the occurrence in question and state when and under what circumstances the destruction, loss, or alteration occurred.

**ANSWER:**

**INTERROGATORY NO. 7:**

Describe in detail all conversations that you or any agent of yours has had with Intervenors/Plaintiffs or any of Intervenors'/Plaintiffs' agents following the automobile collision occurring on June 3, 2017, including the dates of such conversations and the identity of all persons present.

**ANSWER:**

**INTERROGATORY NO. 8:**

List the insurance policies and the monetary limits of coverages, including umbrella policies and excess coverage policies that have prior acts clauses, that could provide coverage for the collision in question, including (1) the name and address of the company, (2) the policy number, (3) policy limits for uninsured/underinsured motorists coverage, (4) whether there are any

claims pending, (5) whether costs of defense are applied against any applicable policy limits, (6) whether there have been any reservations of rights, and (7) whether there has been a denial of coverage.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please state the initial coverage date and total amount of premiums paid by the policyholder for the automobile insurance policy made the subject of this suit.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify the agent who sold the policy in question to the policyholder and state the nature of your relationship to that agent.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that any conditions precedent to the filing of this suit or making any claims contained therein have not been met, please identify each such condition precedent and factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 12:**

Do you now contend or plan to contend in the future that Intervenors'/Plaintiffs' medical services and/or charges in this case were not reasonable and/or necessary? If so, please state the following:

   a.   The date and place of each and every alleged unnecessary service provided to Intervenors/Plaintiffs;

   b.   The date and amount of each alleged unreasonable charge as well as an explanation of why the charges were unreasonable;

   c.   The names, addresses, and telephone numbers of all health care providers or other individuals who can attest to the alleged unnecessary treatment or unreasonable charges; and

   d.   The date ALLSTATE first determined that said services were unreasonable and/or unnecessary.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please identify the amount that you contend you are legally obligated to pay Intervenors/Plaintiffs pursuant to the uninsured/underinsured motorist provision of the policy, identifying the factual basis for your contention.  If you contend that Intervenors/Plaintiffs are not entitled to any recovery pursuant to the uninsured/underinsured motorist provision contained within the policy, please identify all facts and/or policy provisions, which support your contentions.  If you contend that you are entitled to any offsets or credits in this cause, please identify the factual basis for such contention and identify the date, amount, and nature of any payment supporting such contention.

 **ANSWER:**

**INTERROGATORY NO. 14:**

Describe in detail the process used by ALLSTATE in the investigation and evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit; identify all persons who assisted in the investigation and/or evaluation; and describe in detail the reasoning behind any conclusions reached in the investigation and/or evaluation, including, but not limited to, the dollar amount of benefits which should be paid.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify every person who participated to any degree in the investigation and adjusting of the claims, defenses, or issues involved in this case and Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim; describe the involvement of each person identified; list their qualifications; state the dates of each investigation and whether it was reduced to writing; and describe in detail the investigation and information gathering process that they utilized to assist ALLSTATE in their decision to deny or adjust payment of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify each document or other source of information ALLSTATE used to form any material decisions regarding Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:**

If ALLSTATE used any computer based software or hardware systems, programs or equipment for their evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit, including, but not limited to forming a determination of a dollar amount for Intervenors'/Plaintiffs' damages (ex. "Colossus"), identify and describe such system, program or equipment, by including the trade name, make and manufacturer of said system, program and/or equipment; the name, address and telephone number of the person and/or company who manufactured said system, program and/or equipment; the names, addresses and telephone numbers of ALLSTATE'S agents, employees or representatives with knowledge of how said system, program and/or equipment was used in the evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim; and describe how said  system, program and/or equipment was used to assist in the evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify every person who provided training to any adjuster or investigator who evaluated, adjusted and/or handled Intervenors'/Plaintiffs' claims relating to the collision, which occurred on June 3, 2017, whether or not such trainer was an agent, employee or representative of ALLSTATE or an outside company, by stating that person's name, address, telephone number and employer. This interrogatory includes, but is not limited to any training on the use of computer-based software or hardware systems, programs or equipment, used for the evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 19:**

For the most recent five (5) years, please provide the following information:

(a)     the total number of Uninsured/Underinsured Motorists claims submitted to, reported to and/or filed with ALLSTATE, including the original dollar amount of the benefits requested by the insured;

(b)     the total number of the above-referenced Uninsured/Underinsured Motorists claims, which were denied;

(c)     Of the above-referenced Uninsured/Underinsured Motorists claims which were resolved, state each original dollar amount of benefits requested by the claimant, the dollar amount of the settlement and a brief description of the reasons the claimant did not receive the full amount of benefits requested;

(d)     Of the above-referenced claims for which lawsuits were instituted against ALLSTATE stemming from Uninsured/Underinsured Motorists claims, state the

original dollar amount of benefits requested by each claimant, the dollar amount of each final adjudication, and a brief description of the allegations made by each claimant in the lawsuits;

(e)     List the complaints against ALLSTATE submitted to the Texas Department of Insurance relating to their evaluation of and payment or non-payment of Uninsured/Underinsured Motorists benefits, include the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify every person who has submitted any type of complaint, legal or otherwise, within the past five (5) years, relating to any claim adjustment and/or denial of any claims submitted to ALLSTATE, where ALLSTATE has based their adjustment and/or denial for any of the reasons that ALLSTATE contends supports their adjustment and/or denial of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**ANSWER:**

**INTERROGATORY NO. 21:**

Please state the yearly net worth of ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for the most recent five (5) years.

**ANSWER:**

**INTERROGATORY NO. 22:**

Please state whether you intend to impeach Intervenors/Plaintiffs or any of Intervenors'/Plaintiffs' witnesses with evidence of a criminal conviction, pursuant to TEX. R. CIV. EVID. 609. If so, please describe such evidence by giving the name of the accused, the nature of the crime, and the date of the conviction.

**ANSWER:**

**EXHIBIT 3**

**CAUSE NO. 2018-37316**

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FERNANDO ZAPATA** | § | **189th JUDICIAL DISTRICT** |

**INTERVENOR/PLAINTIFF JUAN BANDA'S REQUEST FOR PRODUCTION TO
DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

TO:   ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

COMES NOW, JUAN BANDA, Intervenor/Plaintiff in the above styled cause, and, pursuant to Rule 196 of the Texas Rules of Civil Procedure, files the attached Requests.

The undersigned party propounds the attached Requests to you under the provisions of Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.  You are notified that this party specifies that the responses shall be served on the first business day after the expiration of fifty (50) days from the date of service of these Requests and that the Requests and your responses may be offered in evidence at the trial of this lawsuit.

The Requests which follow are to be considered as continuing, and pursuant to TEX. R. CIV. P. 193.5 you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment, correct or otherwise modify your answers given to the Requests below.

Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the words defined below shall be deemed to have the following meanings:

1.  "You" or "Your" refers to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "ALLSTATE"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2.  "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3.  "Defendant" refers to ALLSTATE, its agents, servants, employees, members, subsidiaries, and/or divisions.

4.  "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5.  "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6.  "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8.  "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

9.  "Petition" refers to the Plaintiff's Original Petition, the Intervenors' Plea in Intervention, and any and all amended or supplemental petitions or pleas that Plaintiff and/or Intervenors/Plaintiffs filed in this lawsuit.

10. "Plaintiff" refers to ANTHONY DEVENPORT.

11. "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

12.     The "collision," "wreck," "incident," "occurrence," and "accident" refer to the collision made the basis of this lawsuit, which occurred on June 3, 2017, involving the vehicle operated by Intervenors/Plaintiffs, and the vehicle being driven by FERNANDO ZAPATA.

13.     The "policy" refers to automobile insurance policy number 516710971 with ALLSTATE covering Intervenors/Plaintiffs at the time of the incident made the basis of this suit, which occurred on June 3, 2017.

14.     The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Intervenors/Plaintiffs with ALLSTATE, as a result of the collision made the basis of this lawsuit.

15.     The "Uninsured/Underinsured Motorists claim" refers to ALLSTATE claim number 0460082621 , and/or the claim for benefits made by or on behalf of Intervenors/Plaintiffs with ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, stemming from the motor vehicle collision in which Intervenors/Plaintiffs were involved on or about June 3, 2017.

16.     "Policyholder" refers to Alejandro Barrientos and/or any other person or entity to whom the Policy was issued.

17.     "Identify" has the following meanings:

   (a)     When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

   (b)     When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

   (c)     When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

   (d)     When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (iii) if the communication was by telephone, to state the date and

place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1. Missing or lost,
2. Destroyed,
3. Transferred voluntarily or involuntarily to others, and if so, to whom, or
4. Otherwise disposed of; and in each instance explain the circumstances surrounding any authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

 /s/ Winfield S. Williams
**Robert S. Kwok**
SBN: 00789430
**Winfield S. Williams**
SBN: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: wwilliams@kwoklaw.com
**ATTORNEYS FOR INTERVENORS/
PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing document was served on ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found for service along with Intervenors'/Plaintiffs' First Amended Plea in Intervention and Discovery to Defendant Allstate.

Signed on July 22, 2019.

*/s/ Winfield S. Williams*
Winfield S. Williams

**INTERVENOR/PLAINTIFF JUAN BANDA'S REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

You are requested to produce the following documents and tangible things:

**REQUEST FOR PRODUCTION NO. 1:**

All documents, tangible things, reports, models, data compilations, video recordings, and other material that have been provided to, reviewed by, or prepared by or for an expert in anticipation of a testifying expert's trial and deposition testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents, tangible things, reports, models, data compilations, video recordings, and other material that have been provided to, reviewed by, or prepared by or for an expert used for consultation whose mental impression or opinions have been reviewed by a testifying expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents and tangible things that reflect the qualifications of any expert who you may possibly call as a live or deposition witness at trial to testify, by opinion or otherwise, as to scientific, technical, or other specialized knowledge that might assist the trier of fact to understand the evidence or to determine a fact in issue.  This includes copies of resumes or curriculum vitae; publications lists, evidence of memberships in professional or technical societies; evidence of teaching or research positions; or any other documents and things that relate to such experts qualifications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents and tangible things that reflect any of your correspondence or other communications related to Intervenors'/Plaintiffs' claims against you or your defenses in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Any contracts of insurance that could possibly cover the collision, including primary, excess, and umbrella policies, or current policies, which have prior acts clauses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Any letters written to or by Defendants which pertain to the insurance coverage for the collision made the basis of this suit (e.g. Reservations of Rights letters, or rejection letters, etc.).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Any pleadings in any case, which pertain to the insurance coverage for the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Your latest filed federal tax return.  In the alternative, copies of any documents showing your net worth, total amount of assets and total amount of liabilities for the year in which the incident occurred and the current year.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All newspaper articles or reports in other forms of media regarding the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Any learned treatises, textbooks, or other reference materials, which Defendants' attorney may use by way of direct examination or cross-examination of any expert witness in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any criminal convictions of Intervenors/Plaintiffs or any agent or former agent of the Intervenors/Plaintiffs, if you intend to use same for impeachment purposes at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any criminal convictions of any witness involved in this case, if you intend to use same for impeachment purposes at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Any documents criticizing or purporting to criticize Intervenors/Plaintiffs, including but not limited to reports or documents generated by a private person or state, local, or federal agencies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Any surveillance reports, investigative notes, photographs or videotapes taken of Intervenors/Plaintiffs at any time prior to trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All documents identified in Defendant's answers to Intervenors'/Plaintiffs' interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents or tangible things relating to any issues which form the basis of the allegations in Plaintiff's Original Petition, Intervenors'/Plaintiffs' Plea in Intervention, or any subsequent pleading, not produced in response to any other request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents that reflect any investigations that you or any other party or potential party has made into the facts and circumstances surrounding the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents and tangible things:  (i) that evidence, relate to, or form the basis of any of

the factual or legal claims made by you or against you in this litigation, or (ii) that evidence, relate to, or form the basis of any of your defenses or positions you are taking that are contrary to those that Intervenors/Plaintiffs have asserted in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotaped recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All documents and tangible things created by, produced by, or originating from the files or records of Intervenors/Plaintiffs (including duplicates or copies made from the files or records of Intervenors/Plaintiffs).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents and tangible things created by, produced by, or originating from the files or records of other parties or potential parties to this lawsuit (including duplicates or copies made from the files or records of any of them), which are relevant to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents, tape recordings, or other tangible things evidencing, comprising, or relating to any statements made by or on behalf of any of the parties or potential parties to this lawsuit or their agents and employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All statements of persons with knowledge of relevant facts, whether they are written, stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All statements of Intervenors/Plaintiffs, whether they are written, stenographic, mechanical, electrical, or other type of recording of Intervenors'/Plaintiffs' oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All statements of ALLSTATE, or any of its agents, employees, or representatives, whether they are written, stenographic, mechanical, electrical, or other type of recording of their oral statement, or any substantially verbatim transcriptions of such a recording, relating to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All statements of the other driver(s) involved in the collision with Intervenors/Plaintiffs, which occurred on June 3, 2017, whether they are written, stenographic, mechanical, electrical, or other type of recording of the third party's oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting any oral or written contract or agreement between you and any other person concerning this lawsuit, including your attorneys.  This includes, without limitation, any partial settlements or releases of any of your claims; any "Mary Carter" agreements; any partial assignments of your claims to others; any subrogation agreements; any understandings regarding allocation of jury strikes; any understandings regarding positions various parties may assert during pretrial discovery or at trial; and any other sort of contract, agreement, or understanding that relates directly or indirectly to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

A copy of your corporate charter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All documents that reflect correspondence between ALLSTATE and Intervenors/Plaintiffs, including their family members, agents, employees, representatives and attorneys.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All documents that reflect correspondence between ALLSTATE and any other party, relating to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

All notes, correspondence, memoranda, or other documents exchanged between ALLSTATE and Intervenors/Plaintiffs, including their family members, agents, employees, representatives and attorneys.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

All photographs, pictures, videotapes, or other graphic images of Intervenors/Plaintiffs in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

All photographs, pictures, videotapes, or other graphic images of the scene of either of the collisions, which are the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

All photographs, pictures, videotapes, or other graphic images of the vehicles involved in either of the collisions, which are the basis of this lawsuit, in your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

All correspondence, documents, bills, medical records, or communication between any of your agents or employees including employees of your insurance company and companies or

individuals purporting to have a subrogation interest in Intervenors'/Plaintiffs' recovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Any accident or incident reports pertaining to either of the collisions made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit, which occurred on June 3, 2017, was caused either wholly or in part by the carelessness or negligence of Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit, which occurred on June 3, 2017, was caused either wholly or in part by the carelessness or negligence of any third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit was caused either wholly or in part by a sudden emergency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit, which occurred on June 3, 2017, was not caused either wholly or in part by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit, which occurred on June 3, 2017, was not caused either wholly or in part by any third

parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

    All documents you rely upon as proof or evidence that the damages Intervenors/Plaintiffs seek to recover from Defendants did not result from the collision, which occurred on June 3, 2017, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

    All documents you rely upon as proof or evidence that Intervenors/Plaintiffs did not incur any damages as a result of the collision, which occurred on June 3, 2017, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

    All documents you rely upon as proof or evidence that the medical services Intervenors/Plaintiffs received following the collision, which occurred on June 3, 2017, were not reasonable or necessary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

    All documents you rely upon as proof or evidence that Intervenors/Plaintiffs did not incur any pain, suffering, or mental anguish as a result of the collision, which occurred on June 3, 2017, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

    All documents that reflect the ownership of the vehicle Intervenors/Plaintiffs were in during the collision, which occurred on June 3, 2017, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

    All documents that reflect the ownership of any of the vehicles involved in the collisions

made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

All documents that reflect any repairs made to the vehicle Intervenors/Plaintiffs were in during the collision, which occurred on June 3, 2017, including, but not limited to any repair estimates, photographs or videos, made following the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

All documents that reflect any repairs made to any property damaged in the collision, which occurred on June 3, 2017, including, but not limited to any repair estimates, photographs or videos, made following the collision, which occurred on June 3, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

Any and all exhibits you intend to offer at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

All medical records you have pertaining to Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

All employment records you have pertaining to Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

All documents evidencing any prior claims by Intervenors/Plaintiffs, including but not limited to the results of any ISO search.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

All documents evidencing subsequent claims by Intervenors/Plaintiffs, including but not limited to the results of any ISO search.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

All documents you have received, including, but not limited to any employment records, medical records and/or billing statements, pursuant to any authorization signed by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

All diaries, lists, logs, or notes kept by ALLSTATE or any of its agents, adjusters, employees, or representatives regarding or related in any way to the collision, which occurred on June 3, 2017, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

All diaries, lists, logs, or notes kept by ALLSTATE or any of its agents, adjusters, employees, or representatives regarding or related in any way to the evaluation of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**

Any and all reports, analyses and other documents created, maintained and/or drafted prior to the commencement of the instant suit by any and all independent adjusters, reviewers or investigators, including, but not limited to, any cost containment consultants, physicians, medical technicians, physician reviewers, and peer reviews, which refer or relate to Intervenors'/Plaintiffs' Uninsured/Underinsured Motorist claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**

All pre-litigation reports and documents created, sent, received and/or maintained by any and all persons, firms, corporations, unincorporated associations and other entities with whom ALLSTATE      has      had      any      communication      concerning      Intervenors'/Plaintiffs'

Uninsured/Underinsured Motorist claim, which refer or pertain to the Uninsured/Underinsured Motorist claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**

All documents ever received by ALLSTATE from Intervenors/Plaintiffs and/or their agents prior to commencement of the above-captioned cause, which refer, relate or pertain to the automobile collision in which Intervenors/Plaintiffs were involved on June 3, 2017, and/or the injuries sustained therein by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**

All documents ever received by ALLSTATE from Intervenors/Plaintiffs and/or their family members, agents and representatives, which refer, relate or pertain to their Uninsured/Underinsured Motorist claim, which is the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**

All documents ever received by ALLSTATE from Intervenors/Plaintiffs and/or their family members, agents and representatives which refer, relate or pertain to the collision in which they were involved on June 3, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**

A complete copy of the ALLSTATE Policy of Insurance Number 516710971 together with the entire file thereon of the agent who sold the policy to the policyholder.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**

All documents or tangible items, including computer images, programs or "screen shots", evidencing the date and amount of any reserves set with regard to any claim or potential claims of Intervenors/Plaintiffs, including any adjustments thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**

All documents, photographs, videos, images, or other tangible things relating to any insurance claims submitted by Intervenors/Plaintiffs prior to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**

All documents, photographs, videos, images, or other tangible things relating to any insurance claims submitted by Intervenors/Plaintiffs subsequent to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**

All documents reviewed by any claims review board or committee relating to any insurance claim submitted by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**

All documents relating to any decision by any claims review board or committee or signed by the members of any claims review board or committee reflecting a decision to set reserves, deny coverage or evaluate any insurance claim submitted by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**

All documents reviewed by any claims review board or committee relating to the Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to any decision by any claims review board or committee or signed by the members of any claims review board or committee reflecting a decision to set reserves, deny coverage or evaluate the Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**

Copies of all medical reports used to evaluate Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim including interviews with any health care professionals concerning Intervenors'/Plaintiffs' claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**

Copies of all checks and/or drafts paid to or on behalf of Intervenors/Plaintiffs relating either of the collisions made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**

Copies of all checks and/or drafts paid to or on behalf of Intervenors/Plaintiffs relating to the Uninsured/Underinsured Motorists claim, which is the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**

All records of any and all telephone conversation discussing Intervenors/Plaintiffs relating to the collision in which they were involved on June 3, 2017.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**

All records of any and all telephone conversations discussing Intervenors/Plaintiffs relating to the Uninsured/Underinsured Motorists claim which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**

All records of any and all telephone conversation discussing Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**

Copies of any personal notes, documents, or memoranda relating to Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**

All documents showing premiums paid for the ALLSTATE Policy, which is the basis of this suit, Policy number 516710971.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**

Any insurance agreement, indemnity agreement, or other document by which any person or entity may be liable to satisfy all or part of any judgment that may be rendered against you in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**

A copy of all insuring agreements relating to Intervenors/Plaintiffs in your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**

A complete copy of any automobile insurance policy in effect on June 3, 2017, covering Intervenors/Plaintiffs and/or the vehicle in which they were driving at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**

ALLSTATE'S entire "underwriting" file on Intervenors'/Plaintiffs' automobile policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**

Any and all of ALLSTATE's claims files relating to Intervenors/Plaintiffs, including, but not limited to, all documents relating to any claims for benefits, including, but not limited to any claims for property damage, medical payments, personal injury protection, loss of income, and/or uninsured/underinsured motorists claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**

All reports, memoranda, or other documents related to your decision to deny or adjust Intervenors'/Plaintiffs' claims for benefits stemming to the June 3, 2017 loss, and any other claims Intervenors/Plaintiffs have made, including, but not limited to any evaluation sheets, notes, or forms used to evaluate any element of Intervenors'/Plaintiffs' claims, comments from any adjuster, reviewer or analyst reviewing the handling of the claims, correspondence, and printouts of any notes or comments created or kept electronically, including those generated or kept on any computers or servers "in the cloud".

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**

All correspondence between ALLSTATE and Intervenors/Plaintiffs and/or Intervenors'/Plaintiffs' representatives concerning any claims for benefits by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**

All liability work-ups or reports relating to any claims by Intervenors/Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**

All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Intervenors/Plaintiffs were payable or not payable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**

All documents setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision to Intervenors'/Plaintiffs' claims relating to the June 3, 2017 collision, to the extent that ALLSTATE relied on any such document in making its decisions in denying or adjusting Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**

All documents depicting ALLSTATE's organizational structure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**

All complaint lists, complaint journals, or similar documents for the most recent five (5) year period. This request seeks any list kept in the form required by the Texas Department of Insurance pursuant to 28 TEX. ADMIN. CODE §21.203(6), and any similar documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**

ALLSTATE's claims denied journals and any similar documents for the most recent five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**

All claims and underwriting files for each claim ALLSTATE has denied in the past five (5) years, for any reason that you contend supports ALLSTATE's denial, rejection or any non-payment of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**

All demand or complaint letters ALLSTATE has received from ALLSTATE'S policyholders, for the most recent five (5) years, after you denied their claims for benefits, for any reason that you contend supports your denial or adjusting of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:**

Copies of all petitions and complaints filed in any lawsuits in the past five (5) years to which ALLSTATE is or has been a party, in any capacity, relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Chapters 541 and/or 542 of the TEXAS INSURANCE CODE, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**

Copies of any judgments that have been rendered in any lawsuits in the past five (5) years to which ALLSTATE is or has been a party, in any capacity relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Chapters 541 and/or 542 of the TEXAS INSURANCE CODE, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:**

Copies of any settlement agreements ALLSTATE has entered into in the past five (5) years relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Chapters 541 and/or 542 of the TEXAS INSURANCE CODE, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:**

ALLSTATE's most recent annual statement filed with the Texas Department of Insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 98:**

Any and all policies of insurance Intervenors/Plaintiffs have with ALLSTATE.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:**

All documents reflecting premiums paid by the policy holder for ALLSTATE Policy number 516710971.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 100:**

All documents reflecting premiums paid by the policyholder for any and all policies of insurance with ALLSTATE.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 101:**

All documents reflecting any company guidelines or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions, which you contend apply to Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 102:**

All manuals, training materials, and similar documents, and all audio and video recordings, used in training, overseeing, or supervising ALLSTATE'S claims handling personnel and agents employed in selling automobile policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 103:**

Copies of all advertisements used or approved for use in Texas in the past five (5) years relating to automobile insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 104:**

All employment agreements between ALLSTATE and any adjuster assigned to Intervenors'/Plaintiffs' Uninsured/Underinsured Motorist claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 105:**

Any and all settlement agreements or similar documents reflecting any agreements, deals, or understandings between ALLSTATE and any other person or entity with respect to this case and/or the Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 106:**

All documents, including correspondence, memorandums, telephone messages, file entries, and/or recordings which evidence any communications between ALLSTATE'S agents, employees, representatives and/or adjusters, with any agents, employees, representatives and/or

adjusters of the liability insurance carrier for any of the other drivers or vehicles involved in either collision, which are the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 107:**

All documents, including correspondence, memorandums, telephone messages, file entries and/or recordings, which evidence any communications between ALLSTATE'S agents, employees, representatives, and/or adjusters, and any other parties involved in either of the collisions, which are the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 108:**

All documents, including correspondence, memorandums, telephone messages, file entries, photographs and/or audio and video recordings exchanged between ALLSTATE'S agents, employees, representatives and/or adjusters, and any agents, employees, representatives and/or adjusters of the liability insurance carrier for any of the other drivers or vehicles involved in either of the collisions, which are the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 109:**

All documents, including correspondence, memorandums, telephone messages, file entries, photographs, and/or audio and video recordings exchanged between ALLSTATE'S agents, employees, representatives and/or adjusters, and any other parties involved in either of the collisions, which are the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 110:**

All documents evidencing any claim or suit in which any retained testifying expert in this cause has previously been hired, retained or otherwise compensated by ALLSTATE.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 111:**

A copy of each deposition in which a testifying expert, retained by ALLSTATE in this cause, has previously testified on behalf of ALLSTATE.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 112:**

Copies of all "Form A" documents relating to ALLSTATE filed with the Texas Department of Insurance for the most recent five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 113:**

All documents reflecting any investigations, reviews, and/or remedial or disciplinary actions within the past five (5) years, involving any of ALLSTATE'S agents, employees, representatives, and/or adjusters, who evaluated, adjusted or handled any part of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 114:**

All documents reflecting any internal or external audit or investigation regarding the handling, evaluation, review, adjusting or reserving of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, which is the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 115:**

All documents (ex. "consultations") received or generated regarding any aspect or element of any claims made by Intervenors/Plaintiffs arising from the motor vehicle collision, in which she was involved on June 3, 2017, including any and all documents generated by the use of any computer assisted hardware or software programs used to assist in assessing damages in personal injury claims, including, but not limited to "Colossus" or any other programs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 116:**

All handwritten notes regarding any claims stemming from the collision which is the basis of this lawsuit, generated or kept by any of ALLSTATE'S employees, agents, representatives or adjusters handling Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 117:**

ALLSTATE'S claim manual(s) applicable to each and every claim made by Intervenors/Plaintiffs concerning the motor vehicle collision, in which she was involved on June 3, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 118:**

All operations and/or training manuals used with the version of any computer hardware or software programs used by ALLSTATE to assist in the evaluation and adjusting of Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim, including any operating instructions, workbooks, worksheets, or similar or related materials used to train employees of ALLSTATE in the use of said programs, or used to maintain, operate and use said programs, including any worksheets, pick lists, questionnaires, input documents, data requests or similar or related materials used to obtain a "consultation" from said program for the purpose of evaluating personal injury claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 119:**

Any and all documents reflecting policies and procedures to be used by ALLSTATE'S agents, employees, adjusters, and claims handling personnel, regarding the use or operation of any computer hardware or software programs (ex. "Colossus") used to assist in the evaluation of auto and/or injury claims, including, but not limited to any documents which illustrate the extent (if any) that compensation or bonuses paid to ALLSTATE'S agents, employees, adjusters and personnel is tied to or contingent upon the use of any programs or the settlement of claims within the ranges established by or from the programs (ex. "consultations").

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 120:**

Any contracts, licensing agreements, or similar or related documents allowing ALLSTATE to acquire or use any computer hardware or software programs used to assist in the evaluation of injury and/or accident claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 121:**

All documents, printouts or records reflecting the average payments and/or costs of ALLSTATE's accident or injury settlements on a monthly and/or annual basis for the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 122:**

The personnel file of the agents, employees and adjuster(s) who handled Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 123:**

Any and all documents reflecting performance evaluations of the agents, employees and adjuster(s) who handled Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 124:**

Any and all documents or printouts listing the agents, employees and adjuster(s) who handled Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim which is the basis of this lawsuit, for the past five (5) years, with specific reference to the number of auto claims adjusted or settled and the dollar amounts for which each claim settled.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 125:**

Any and all licenses and/or certificates issued to the agents, employees and adjuster(s) who handled Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim which is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 126:**

All documents, including, but not limited to any "Training Certificates" referencing the qualifications of the agents, employees and adjuster(s) who handled Intervenors'/Plaintiffs' Uninsured/Underinsured Motorists claim which is the basis of this lawsuit, relating to the use or operation of any computer hardware or software programs used to assist in the evaluation of auto and/or injury claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 127:**

Any and all medical records; income records; photographs; films; CD's; medical images; video recordings; surveillance recordings and photographs; medical, CIB or other claims service history; relating to Intervenors'/Plaintiffs' Uninsured/Underinsured motorists claim stemming from the motor vehicle collision in which they were involved on June 3, 2017.

**RESPONSE:**

**EXHIBIT 4**

**CAUSE NO. 2018-37316**

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FERNANDO ZAPATA** | § | **189th JUDICIAL DISTRICT** |

**INTERVENOR/PLAINTIFF JUAN BANDA'S REQUEST FOR ADMISSIONS TO
DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

TO:    ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant
herein, by and through its registered agent for service, CT Corporation System, 1999 Bryan
Street, Suite 900, Dallas, Texas 75201.

COMES NOW, JUAN BANDA, Intervenor/Plaintiff herein, and files this Request for

Admissions upon ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant herein and requests the following:

The Request for Admissions that follow are propounded for you to answer pursuant to Rule

192 and 198 of the Texas Rules of Civil Procedure. The Requests for Admissions are deemed

admitted without the necessity of a Court order unless, within fifty (50) days after service of the

Requests for Admissions, you serve on the undersigned attorney a written answer or appropriate

objection addressed to the matter signed by you or your attorney.

Pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you are under an affirmative

duty to supplement your responses to all discovery requests with information that you may acquire

after filing your written responses, if such information makes it known to you that your previous

response was incorrect or incomplete when made, or, if the answer, though correct and complete

when made, is no longer true and complete and circumstances are such that failure to supplement

would be in substance a knowing concealment. You are hereby requested to supplement any of

your written responses to these discovery requests, and in the absence of any written objection to the request, it will be presumed that you have agreed to do so.

As used herein, the following terms shall have the meaning indicated below:

1.  "You" or "Your" refers to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "ALLSTATE"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2.  "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3.  "Defendant" refers to ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, its agents, servants, employees, members, subsidiaries, and/or divisions.

4.  "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5.  "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6.  "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8.  "Document" means any printed, typewritten, handwritten, me mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

9. "Petition" refers to the Plaintiff's Original Petition, the Intervenors' Plea in Intervention, and any and all amended or supplemental petitions or pleas that Plaintiff and/or Intervenors/Plaintiffs filed in this lawsuit.

10. "Plaintiff" refers to ANTHONY DEVENPORT.

11. "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

12. The "collision," "wreck," "incident," "occurrence," and "accident" refer to the collision made the basis of this lawsuit, which occurred on June 3, 2017, involving, the vehicle operated by Intervenors/Plaintiffs, and the vehicle being driven by FERNANDO ZAPATA.

13. The "policy" refers to the automobile insurance policy, believed to be numbered 516710971 with ALLSTATE covering Intervenors/Plaintiffs at the time of the incident made the basis of this suit, which occurred on June 3, 2017.

14. The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Intervenors/Plaintiffs with ALLSTATE, as a result of the collision made the basis of this lawsuit, which occurred on June 3, 2017.

15. The "Uninsured/Underinsured Motorists claim" refers to ALLSTATE claim number 0460082621, and/or the claim for benefits made by or on behalf of Intervenors/Plaintiffs with ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, stemming from the motor vehicle collision in which Intervenors/Plaintiffs were involved on or about June 3, 2017.

16. "Policyholder" refers to Alejandro Barrientos and/or any other person or entity to whom the Policy was issued.

17. "Identify" has the following meanings:

    (a)    When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

    (b)    When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

    (c)    When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses

and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

(d)     When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (iii) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.      Missing or lost,
2.      Destroyed,
3.      Transferred voluntarily or involuntarily to others, and if so, to whom, or
4.      Otherwise disposed of; and in each instance explain the circumstances surrounding any authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_/s/ Winfield S. Williams_

**Robert S. Kwok**
SBN: 00789430
**Winfield S. Williams**
SBN: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: wwilliams@kwoklaw.com
**ATTORNEYS FOR INTERVENORS/
PLAINTIFFS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found for service along with Intervenors'/Plaintiffs' First Amended Plea in Intervention and Discovery to Defendant Allstate.

Signed on July 22, 2019.

*/s/ Winfield S. Williams*
Winfield S. Williams

### INTERVENOR/PLAINTIFF JUAN BANDA'S REQUEST FOR ADMISSIONS TO DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1:**

Admit that you have been sued in the proper capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are a proper party to this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that JUAN BANDA was operating a vehicle involved in the collision made the basis of this lawsuit on June 3, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that Intervenors/Plaintiffs were involved in a motor vehicle collision on June 3, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that FERNANDO ZAPATA proximately caused the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that FERNANDO ZAPATA received a citation as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that JUAN BANDA did nothing to proximately cause the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that Intervenors/Plaintiffs have incurred medical expenses for treatment of the injuries they sustained as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that ALLSTATE is liable to Intervenors/Plaintiffs for incurred medical expenses which resulted from the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that the front of FERNANDO ZAPATA'S vehicle collided with the rear of Intervenors'/Plaintiffs' vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that FERNANDO ZAPATA is at fault for the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that ALLSTATE is liable to Intervenors/Plaintiffs for future medical expenses resulting from the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that Intervenors/Plaintiffs have incurred property damage to their vehicle as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that ALLSTATE is contractually obligated to pay Intervenors/Plaintiffs for damages for which they sustained as a result of the collision of June 3, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that all medical treatment received by Intervenors/Plaintiffs from June 3, 2017, to date has been reasonable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that all medical treatment received by Intervenors/Plaintiffs from June 3, 2017, to date has been necessary.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that all medical treatment received by Intervenors/Plaintiffs from June 3, 2017, to date has been as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that the condition of the road surface did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that the lighting conditions did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that a sudden emergency did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that you do not contend the collision was unavoidable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that no defect in the vehicles involved in the collision contributed to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit that FERNANDO ZAPATA'S negligence caused the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit that FERNANDO ZAPATA was the sole cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit that the collision proximately caused damages to Intervenors/Plaintiffs.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Intervenors/Plaintiffs have been damaged by the collision in an amount in excess of $60,000.00.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit that all conditions precedent to Intervenor/Plaintiffs bringing this lawsuit have occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit that on June 3, 2017, Intervenors/Plaintiffs were insured by an automobile insurance policy issued by ALLSTATE.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit that on June 3, 2017, ALEJANDRO BARRIENTOS' insurance policy number 516710971 with ALLSTATE, provided uninsured/underinsured motorist coverage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**

Admit that on June 3, 2017, the vehicle operated by Intervenors/Plaintiffs was a "covered auto" as defined by ALLSTATE policy number 516710971.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**

Admit that on June 3, 2017, JUAN BANDA was a "covered person" as defined by ALLSTATE policy number 516710971.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**

Admit that on June 3, 2017, MARIA BANDA was a "covered person" as defined by ALLSTATE policy number 516710971.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**

Admit Intervenors/Plaintiffs suffered "bodily injury" as a result of the collision, which occurred on June 3, 2017, as defined by ALLSTATE policy number 516710971.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**

Admit that FERNANDO ZAPATA was operating an underinsured motor vehicle, as defined in ALLSTATE policy number 516710971, at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**

Admit that Intervenors/Plaintiffs are entitled to uninsured/underinsured motorist benefits from ALLSTATE as a result of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**

Admit that Intervenors/Plaintiffs promptly notified ALLSTATE after the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**

Admit that Intervenors/Plaintiffs have performed all duties required under the policy for the recovery of uninsured/underinsured motorist benefits.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**

Admit that prior to July 15, 2017, ALLSTATE was aware that Intervenors/Plaintiffs suffered injuries as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**

Admit that ALLSTATE had a duty to Intervenors/Plaintiffs to accurately represent all material facts relating to the auto insurance coverage relating to the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**

Admit that ALLSTATE had a duty to Intervenors/Plaintiffs to provide them with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, the reasons for their denial of their Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**

Admit that ALLSTATE had a duty to Intervenors/Plaintiffs to affirm or deny coverage of their Uninsured/Underinsured Motorists claim within a reasonable period of time.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**

Admit that ALLSTATE had a duty to Intervenors/Plaintiffs to effectuate a prompt, fair and equitable settlement of their Uninsured/Underinsured Motorists claim, without regard to whether other coverage was available, or third parties were responsible for the damages they sustained.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**

Admit that ALLSTATE had a duty to Intervenors/Plaintiffs to timely commence an investigation of their Uninsured/Underinsured Motorists claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**

Admit that ALLSTATE'S investigation into Intervenors'/Plaintiffs' claims was not performed in accordance with company policy, procedures and guidelines.

**RESPONSE:**

7/23/2019 12:12:02 PM
Marilyn Burgess District Clerk
Harris County
Envelope No. 35350501
By: CLAUSELL, CYNTHIA
Filed: 7/23/2019 12:12:02 PM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** 2018-37315 _____   **CURRENT COURT:** 189th _____

**Name(s) of Documents to be served:** FIRST AMENDED PLEA IN INTERVENTION AND DISCOVERY TO DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

**FILE DATE:** 7/23/2019 _____

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY _____

Address of Service: _____

City, State & Zip: _____

Agent (if applicable): CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**                            Newspaper_____
- ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ( $12.00)**   ☐ **Capias (not an E-Issuance)**   ☐ **Attachment**
- ☐ **Certiorari**   ☐ **Highway Commission ( $12.00)**
- ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
- ☐ **Habeas Corpus**   ☐ **Injunction**   ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)**_____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **CONSTABLE**
- ☐ **MAIL to attorney   at:**_____

- ☐ **CERTIFIED MAIL by District Clerk**   ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
  **(Note:) CAPIAS is not an E-Issuance Option**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- ☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Winfield Williams Bar # or ID 24090848

Mailing Address: 9805 Katy Freeway Suite 850, Houston, Texas 77024 _____

Phone Number: 713-773-3380 _____

8/19/2019 8:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36058151
By: Deandra Mosley
Filed: 8/19/2019 8:47 AM

Receipt Number: 842990
Tracking Number: 73650211

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201837316

| | |
|---|---|
| PLAINTIFF: DEVENPORT, ANTHONY | In the 189th Judicial |
| vs. | District Court of |
| DEFENDANT: ZAPATA, FERNANDO | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED TO CT CORPORATION
SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

   Attached is a copy of FIRST AMENDED PLEA IN INTERVENTION AND DISCOVERY TO
DEFENDANT.

This instrument was filed on July 23, 2019, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
July 25, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: BRIANNA J. DENMON

Issued at request of:
Williams, Winfield S
9805 KATY FREEWAY, SUITE 850
HOUSTON, TX  77024
713-773-3380

Bar Number: 24090848

Tracking Number: 73650211

CAUSE NUMBER: 201837316

| | |
|---|---|
| PLAINTIFF: DEVENPORT, ANTHONY | In the 189th |
| vs. | Judicial District Court |
| DEFENDANT: ZAPATA, FERNANDO | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _3:00_ o'clock _P_. M., on the _30_ day of _July_, 20 _19_

Executed at (address) _1999 Bryan st. Suite 900 Dallas, Tx 75201_

in _Dallas_ County

at _9:40_ o'clock _A_. M., on the _2_ day of _August_, 20 _19_

by delivering to _Allstate Property and Casualty Insurance Company_ defendant, in person, a true copy of this _served through CT Corporation by certified mail_

Citation together with the accompanying _1_ copy(ies) of the _First Amended Plea in Intervention and_ ~~Petition~~ _Discovery to Defendant_

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which, I affix my hand officially this _16_ day of _August_, 20 _19_.

FEE: $ _____

_Tracking # 7019 0700 0001 2288 8265_

_____ of _____

County, Texas

_Paul N. PSC 6218 exp. 12-31-2020_     By: _____

_Paul Nolen_

Affiant                           Deputy

On this day, _____ , known to me to be

the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _16_ of _August_, 20 _19_.

_____

Notary Public

MONIQUE GARCIA
Notary Public, State of Texas
Comm. Expires 12-20-2021
Notary ID 129657502

7019 0700 0001 2288 8265

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

| Certified Mail Fee | $3.50 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | $2.80 | |
| Total Postage and Fees | $6.10 | |

JUL 31 2019

HOUSTON TX 77008
07/30/2019

DALLAS TX 75201
Allstate Property Casualty Insurance
Co 1999 Bryan St, Ste 900
Houston Tx 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

BEAR CREEK
16015 CAIRNWAY DR
HOUSTON TX 77084-9998
4801175-0063
(800)275-8777
07/31/2019 09:10 AM

In a hurry? Self service kiosks offer
USPS Tracking or call 1-800-222-1811.

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope (Domestic) (DALLAS, TX 75201) (Weight:0 Lb 12.50 Oz) (Estimated Delivery Date) (Friday 08/02/2019) | 1 | $2.80 | $2.80 |
| Certified Mail (USPS Certified Mail #) (70190700001122888265) | | | $3.50 |
| Return Receipt (USPS Return Receipt #) (9590940253491543170070) | | | $2.80 |
| Total: | | | $9.10 |
| Cash | | | $20.10 |
| Change | | | ($11.00) |

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

---

Cause No. 2018-37316

Devenport, Anthony
vs.
Zapata, Fernando

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Property and Casualty Insurance Company
CT Corporation
1999 Bryan St. Ste 900
Dallas TX 75201

9590 9402 5349 9154 3170 70

2. Article Number (Transfer from service label)

7019 0700 0001 2288 8265

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Chris Wells                       AUG 2 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

9:40 A.M

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

9/3/2019 2:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36482677
By: Deandra Mosley
Filed: 9/3/2019 2:56 PM

CAUSE NO. 2018-37316

| | | |
|---|---|---|
| ANTHONY DEVENPORT | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 189TH JUDICIAL DISTRICT |
| | § | |
| FERNANDO ZAPATA | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

---

**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO INTERVENORS/PLAINTIFFS' FIRST AMENDED PLEA IN INTERVENTION AND REQUESTS FOR DISCLOSURE**

---

### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Allstate Property and Casualty Insurance Company hereby generally denies each and every material allegation contained in Intervenors/Plaintiffs' First Amended Plea in Intervention and any subsequent amendments thereto, and demands strict proof thereof.

### REQUESTS FOR DISCLOSURE

2.    Pursuant to Rule 190 and 194 of the Texas Rules of Civil Procedure, Intervenors/Plaintiffs are requested to disclose, within 30 days of service of this request, the information and materials described in Rule 190.2(b)(6) and 194.2.

### PRAYER

3.    Defendant Allstate Property and Casualty Insurance Company prays that the Court render judgment that Intervenors/Plaintiffs take nothing by way of their suit and for all other relief to which Defendant Allstate Property Casualty Insurance Company may be entitled to in law or equity.

{00538798}

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797


   */s/    Joseph E. Cuellar*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant Allstate Property and Casualty Insurance Company*


### CERTIFICATE OF SERVICE

   I do hereby certify that the foregoing instrument was served on the following counsel this

3rd day of September 2019, pursuant to Rule 21a, Texas Rules of Civil Procedure, via electronic

service:

R. Keith Weber, Jr.
WEBER LAW FIRM
2 Riverway, Suite 1770
Houston, Texas 77055
*Counsel for Plaintiff Anthony Devenport*

Michael Cooper
COOPER, JACKSON & BOANERGES, P.C.
9432 Katy Freeway, Suite 100
Houston, Texas 77055
*Counsel for Defendant Fernando Zapata*

Robert S. Kwok
Winfield S. Williams
KWOK DANIEL LTD., L.L.P.
9805 Kate Freeway, Suite 850
Houston, Texas 77024
*Attorneys for Intervenors/Plaintiffs*


   */s/ Joseph E. Cuellar*
**Joseph E. Cuellar**

8/30/2019 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36443943
By: Deandra Mosley
Filed: 8/30/2019 3:42 PM

## NO. 2018-37316

| | | |
|---|---|---|
| **ANTHONY DEVENPORT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **FERNANDO ZAPATA** | § | **189ᵗʰ JUDICIAL DISTRICT** |

### ORDER OF DISMISSAL

BE IT REMEMBERED that on the 1ˢᵗ day of July, 2019, came on to be heard and considered the above numbered and entitled cause of action, when came the Intervenors **JUAN BANDA, INDIVIDUALLY AND AS NEXT FRIEND OF F███████ B██████, MARIA BANDA, INDIVIDUALLY, and ARTURO MUNOZ AS NEXT FRIEND OF L███████████ M████████**, and **FERNANDO ZAPATA**, Defendant, in person and through their attorneys of record, and announced to the Court that they had entered into an agreement of settlement in this cause calling for a total payment of FORTY-FIVE THOUSAND AND 00/100ᵀᴴ DOLLARS ($45,000.00 - $4,000.00 FOR THE CLAIMS OF JUAN BANDA, $30,000.00 FOR THE CLAIMS OF MARIA BANDA, $7,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF F███████ B██████, AND $4,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF L██████████ M████████) for any and all claims which are or could be asserted in this lawsuit against Defendant FERNADO ZAPATA, and the parties having introduced evidence for the Court and the Court having considered such settlement and being of the opinion that such settlement is fair and just and equitable and to the best interest of all the parties herein, and being of the opinion that said settlement should be approved; it is, therefore:

ORDERED, ADJUDGED AND DECREED that the aforesaid settlement of FORTY-FIVE THOUSAND AND 00/100TH DOLLARS ($45,000.00 - $4,000.00 FOR THE CLAIMS OF JUAN BANDA, $30,000.00 FOR THE CLAIMS OF MARIA BANDA, $7,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF F▆▆▆▆ B▆▆▆▆, AND $4,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF L▆▆▆▆▆▆ M▆▆▆▆) for all claims which are or could be made a basis of this suit against Defendant FERNANDO ZAPATA be, and the same is, hereby approved. The total settlement of FORTY-FIVE THOUSAND AND 00/100TH DOLLARS ($45,000.00 - $4,000.00 FOR THE CLAIMS OF JUAN BANDA, $30,000.00 FOR THE CLAIMS OF MARIA BANDA, $7,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF F▆▆▆▆ B▆▆▆▆, AND $4,000.00 FOR THE CLAIMS OF MINOR PLAINTIFF L▆▆▆▆▆▆ M▆▆▆▆) for all claims which are or could be made the basis of this suit against Defendant FERNANDO ZAPATA is apportioned so as to allow each of the individuals the following amounts:

| | |
|---|---|
| JUAN BANDA – For his individual claims and for costs, attorney fees, and/or medical expenses incurred for minor Plaintiff F▆▆▆ B▆▆▆ | $8,815.50 |
| MARIA BANDA | $30,000.00 |
| ARTURO MUNOZ - For his individual claims and for costs, attorney fees, and/or medical expenses incurred for minor Plaintiff L▆▆▆▆▆ M▆▆▆ | $2,500.00 |
| F▆▆▆ B▆▆▆, a minor | $2,184.50 |
| L▆▆▆▆▆ M▆▆▆, a minor | $1,500.00 |

The sums awarded to the minor Intervenors F██████ B███████ and L███████ M██████ are to be paid into the registry of the Court.  And, it appearing that the sums have been paid in full into the registry of the Court by or on behalf of the Defendant FERNANDO ZAPATA, no execution or other process of Court will ever issue thereon. The Court finds further that the settlement has been fully and finally paid, and, therefore, no execution will ever issue thereon.

Costs of Court are taxed against the party incurring same.  The Defendant is ordered to pay a fee of $ 2,500.00 directly to the guardian ad litem. It is, therefore:

ORDERED, ADJUDGED, AND DECREED that the claims and causes of action of Intervenors **JUAN   BANDA, INDIVIDUALLY  AND  AS  NEXT  FRIEND  OF F██████ B████**, **MARIA BANDA, INDIVIDUALLY, and ARTURO MUNOZ AS NEXT  FRIEND  OF  L███████     M██████** against Defendant **FERNANDO ZAPATA** be and are hereby dismissed, with prejudice to Intervenors' right to refile same against Defendant FERNANDO ZAPATA, but without prejudice to the continued prosecution of Intervenors' claims against Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.

SIGNED this ___5th___ day of ___September_____, 2019.

Signed:
9/5/2019          _____

**JUDGE PRESIDING**

APPROVED & AGREED TO:

KWOK DANIEL LTD., LLP

_____
Robert Kwok, TBA#: 00789430
Alex Boylhart, TBA#: 24087198

Winfield Williams, TBA#: 24090848
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Tel.: 713-773-3380/Fax: 713-773-3960
wwilliams@kwoklaw.com
ATTORNEYS FOR INTERVENORS

COOPER, JACKSON & BOANERGES, P.C.

MICHAEL W. COOPER TBA#: 04782300
9432 Katy Freeway, Suite 100
Houston, Texas 77055
Tel.: 713-464-3383/Fax: 713-464-9467
mike@cjblawfirm.com
ATTORNEY FOR DEFENDANT

THE LAW OFFICE OF WILLIAM D. MCLEOD

William D. McLeod, TBA#: 24034567
2950 Unity Dr. #571461
Houston, Texas 77257
Tel.: 281-788-8110/Fax: 832-962-8208
bill@lawmcleod.com
GUARDIAN AD LITEM FOR THE
MINOR INTERVENORS