Case 4:19-cv-03418   Document 8   Filed on 07/14/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN BANDA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-3418 |
| | § | |
| ALLSTATE PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | |

**ORDER**

Before the Court is the Motion to Dismiss or For Judgment on the Pleadings in Part, or in the Alternative, Motion to Abate Extra-Contractual Claims (Doc. No. 7) filed by Defendant Allstate Property and Casualty Insurance Company ("Allstate"). Plaintiffs Juan Banda, Maria Banda, Arturo Munoz, and the individuals for whom they are acting as next of friends (collectively referred to as "Plaintiffs") have not responded.

**I.**

**A.      Background**

The factual scenario which initiated this case started with an automobile crash allegedly caused by Fernando Zapata. Plaintiffs claim that on June 3, 2017, Zapata negligently caused a collision in which Juan Banda, Maria Banda, and minor children M.B. and L.M. were injured. Zapata was originally sued by Anthony Devenport, another alleged victim of the crash, in the 189th Judicial District Court of Harris County. Later the Banda parties, who are the Plaintiffs herein, intervened in that state lawsuit. Devenport non-suited his claims against Zapata, which left the Banda intervenors/plaintiffs seeking recourse against Zapata. They settled with Zapata for $45,000, but then sued Allstate, their own insurance carrier, claiming they were entitled to

1

underinsured motorist benefits. Allstate then removed on the basis of diversity of citizenship. Plaintiffs are seeking over $500,000.[1]

### B. The Motion to Dismiss

Allstate has now moved to dismiss the underinsured motorist claims under Rule 12(b)(6) because: 1) Plaintiffs have not obtained a judgment establishing liability and damages from the accident in question; 2) damages from the alleged statutory violations are not triggered if the insurer does not owe policy benefits; and 3) that all extra-contractual claims are barred because Allstate does not owe any policy benefits which are a necessary predicate for maintaining such claims.

## II.

### A. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] While it initially appeared that Plaintiffs were seeking less than $75,000, it became clear that this was not the case. Plaintiffs have not sought remand and the time for doing so has long since passed.

2

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

**B.     Plaintiffs' Failure to Respond**

As an initial matter, this Court's Local Rules state that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel. . . . Failure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.3, 7.4; *see also* Hanen L.R. 7(D). Plaintiffs' deadline to oppose Defendant's motion has passed with no response or request for extensions filed.

Therefore, the local rules would allow the Court to grant Defendant's motion as it is technically considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). Consequently, the Court will review the merits of the motion.

3

## III.

### A. Underinsured Motorist Benefits

Underinsured motorist insurance ("UIM") coverage "protects insureds who are legally entitled to recover from owners or operators of . . . underinsured motor vehicles damages for bodily injury." TEX. INS. CODE § 1952.101; *see also id.* § 1952.106 (requiring UIM coverage to "provide payment to the insured of all amounts that the insured is legally entitled to recover as damages"). The Supreme Court of Texas has described UIM insurance as unique because it is first-party coverage that is "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

"Legal entitlement" is a term of art in the UIM context. To be "legally entitled" to recover UIM benefits, an insured must have a judgment that establishes the liability of a third-party and the insured's damages. *Id.* at 818. Until an insured obtains such a judgment, the insurer's contractual obligation to pay benefits simply does not arise. *See id.*; *see also Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) ("[A]n insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established."). Stated another way, the covered event in UIM litigation is not the accident itself, but rather the insured's establishment of the fact via judgment that she is entitled to benefits in excess of the tortfeasor's available policy limits. As the court in *Wellisch* explained in distinguishing other types of insurance claims:

> In each of the above cases, the insurance companies' liability arose at the time of the covered event; therefore, the courts determined there was a "delay" in payment following the covered event. Here, USAA's liability did not arise on the date of the accident in which Jessica was fatally injured. USAA's liability arose on the date the trial court entered final judgment following a determination that Salinas' negligence caused the accident and a jury returned a verdict favorable to the Wellisches in the amount of $6 million.

4

75 S.W.3d at 58. (emphasis added).

An insured demonstrates legal entitlement when: 1) he or she obtains a judgment establishing a third-party tortfeasor's liability, and 2) that those damages exceed the recovery from the tortfeasor. *Brainard*, 216 S.W.3d at 818. The Plaintiffs have done neither.

**B.      Damages for Statutory Violations**

In the recent opinion in *USAA Texas Lloyds v. Menchaca*, the Supreme Court reaffirmed the general rule that an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide a right to those benefits. 545 S.W.3d 479, 489 (Tex. 2018). The Court held that in certain unique situations an insured may recover damages based on insurance policy benefits (contract benefits) for the violation of statutory duties if: (1) the insurer's statutory violation caused the insured to lose policy benefits to which she would otherwise be entitled, or (2) if the insured articulates an injury independent of the loss of policy benefits. *Id.* Nevertheless, the Court affirmed that "the Code does not create insurance coverage or a right to payment of benefits that does not otherwise exist under the policy." *Id.* According to the pleadings, neither of those unique situations exist here.

**C.      Extra-Contractual Causes of Action**

**1. Insurance Code Chapter 541**

Plaintiffs allege that Allstate has violated sections of Chapter 541 of the Texas Insurance Code by failing to explain its decision, failing to attempt to settle a claim in good faith when liability was reasonably clear, and failing to conduct an investigation. First Amended Plea in Intervention, ¶¶ 26–28; *see* Tex. Ins. Code §§541.060(a)(3), (2)(A), (7).

All the pleaded causes of action under chapter 541 fail the Rule 12(b)(6) test because Plaintiffs fail to allege any damages that do not ultimately stem from the alleged wrongful denial

5

of policy benefits. Plaintiffs have not pleaded any facts to demonstrate they are owed UIM benefits at this time as they have not obtained a judgment establishing the amount of bodily injuries they are legally entitled to recover from Zapata. Accordingly, they cannot recover policy benefits as actual damages. *Brainard*, 216 S.W.3d at 818; *Rodriguez v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 650438, at *2 (W.D. Tex. Jan. 10, 2019) (dismissing plaintiff's extra-contractual claims based on failure to pay benefits and failure to investigate claim because plaintiffs had not pleaded the existence of a judgment); *Martinez v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 5789988, at *8 (W.D. Tex. June 18, 2019); *Borg v. Metropolitan Lloyd's of Tex.*, 2013 WL 12091651, at *3 (W.D. Tex. Feb. 21, 2013) (same).

Plaintiffs have also failed to plead any facts that raise the two *Menchaca* exceptions allowing damages to be recovered where no policy benefits are owed. Specifically, Plaintiffs have not pleaded a statutory violation caused them any injury independent of their right to receive policy benefits—benefits to which they are not, and may never become, entitled. *Cf. Menchaca*, 545 S.W.3d at 499-500. Further, Plaintiffs have not alleged that any action of Allstate caused them not to seek a judgment establishing their legal entitlement. *Cf. id.* at 497-99. Accordingly, all of Plaintiff's chapter 541 claims must be dismissed. *See Rodriguez*, 2019 WL 650438, at *2; *Martinez*, 2019 WL 5789988, at *8; *Borg*, 2013 WL 12091651, at *3.

### 2. Insurance Code Chapter 542 – Prompt Payment of Claims

Plaintiffs have pleaded that they are entitled to penalties under the Prompt Payment of Claims Act ("PPCA") of Chapter 542 of the Texas Insurance Code. First Amended Plea in Intervention, ¶¶ 30–32; *see* Tex. Ins. Code §§541.051, *et seq*. In *Wellisch*, the trial court granted summary judgment on violations of the predecessor statute to the PPCA when the insurer paid the judgment establishing legal entitlement on the day the judgment was entered, and the court of

appeals affirmed the judgment. 75 S.W.3d at 58. Thus, under *Wellisch*, it is clear in this situation that prompt payment provisions cannot be violated until there is a judgment. As Plaintiffs have not pleaded they obtained a judgment, their causes of action for violations of PPCA must be dismissed. *See Borg*, 2013 WL 12091651, at *3.

### 3. Insurance Code Chapter 542 – Unfair Claim Settlement Practices Act

Plaintiffs also alleged three violations of section 542.003 of the Texas Insurance Code. First Amended Plea in Intervention, ¶¶ 33–35; *see* Tex. Ins. Code §§542.003(4), (5), (6). Plaintiff's section 542.003 claims are without basis in law because that statute does not create a private right of action. *See Terry v. Safeco Ins. Co. of Am.*, 930 F.Supp.2d 702, 714 (S.D. Tex. 2013); *Progressive Cnty. Mut. Ins. Co. v. Boman*, 780 S.W.2d 436, 437 (Tex. App.—Texarkana 1989, no writ) (construing the predecessor statute). Section 542.003 is part of the Unfair Claim Settlement Practices Act. *See* TEX. INS. CODE § 542.001. The Act empowers the Texas Department of Insurance to investigate individual complaints alleging violations of the act. *See* TEX. INS. CODE § 542.008(a). Nevertheless, there is no provision creating a private right of action for violation of the Act, and thus no private action was created. *See Boman*, 780 S.W.2d at 437.

### 4. Texas Administrative Code – Unfair Claims Settlement Practices Rules

Plaintiffs also allege nine violations of the Texas Administrative Code pertaining to insurance. First Amended Plea in Intervention, ¶ 37. Section 21.203 does not confer a private right of action on individuals injured by unfair settlement practices. *Johnson v. Essex Ins. Co.*, 2002 WL 112561, at *4 (Tex. App.—San Antonio Jan. 30, 2002) (mem. op., not designated for publication); *see* 28 TEX. ADMIN. CODE § 21.203. Instead, "a determination under article 28 of the Administrative Code that an insurer committed an unfair practice is a 'matter within the jurisdiction of the board, the commissioner or the fire marshal.'" *Id.* (citing 28 TEX. ADMIN. CODE

7

§ 1.1). The Administrative Code provides that it "govern[s] the procedure for the institution, conduct, and determination of proceedings before the board, the commissioner or the fire marshal." TEX. ADMIN. CODE § 1.1. Since there is no provision creating a private right of action for violation of the Act, and thus no private action was created. *See Johnson*, 2002 WL 112561, at *4; *cf. Boman*, 780 S.W.2d at 437 n.1 (Tex. App.—Texarkana 1989, no writ); *Terry*, 930 F.Supp.2d at 714. Finally, even if these provisions were actionable by Plaintiffs, the fact that Plaintiffs fail to allege they have obtained a judgment prevents them from showing that they have suffered any damages as a result of the alleged violation. *See, supra*, ¶¶ 14–15.

### 5. Deceptive Trade Practices Act ("DTPA")

Plaintiffs have pleaded that Allstate violated the DTPA by committing violations of the Insurance Code and Administrative Code and engaging in an unconscionable course of conduct. First Amended Plea in Intervention, ¶ 38–41. *Borg*, 2013 WL 12091651, at *3. "In federal court, claims under the Texas Deceptive Practices Act are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F.Supp.3d 944, 951 (S.D. Tex. 2016). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* Plaintiffs wholly fail to allege any facts specifying the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent. Accordingly, those claims must be dismissed. *See Rodriguez*, 2019 WL 650438, at *2.

The Plaintiffs could not and did not plead entitlement to UIM benefits by virtue of a judgment. To recover damages for statutory violations, the insured must plead and prove an injury independent of a right to receive policy benefits or that the insurer's violation caused him or her

to lose benefits to which they would have been entitled. *See Menchaca*, 545 S.W.3d at 489. If that were the case, declining to pay UIM benefits when an insured does not have a judgment in no way causes the insured to lose a right to UIM benefits as he or she may sue the tortfeasor directly to obtain the required judgment, among other options. *Brainard*, 216 S.W.3d at 818. Without a judgment, however, the Plaintiffs currently have no right to benefits. *See Wellisch*, 75 S.W.3d at 57. Finally, with respect to a theory based upon an independent injury, the Supreme Court of Texas has yet to find one in the twenty-three years since it recognized the theoretical possibility of such an injury and Plaintiffs have certainly not alleged one. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995).

## IV.

The Court finds no basis on which it could grant relief to Plaintiffs and hereby grants Allstate's Motion to Dismiss (Doc. No. 7). The case is dismissed in its entirety.

SIGNED at Houston, Texas this 14th day of July, 2020.

Andrew S. Hanen
United States District Judge